A. T. GAY, Admr.

*v.*

HARRIET L. GAY.

*Filed at Ottawa November 11, 1887.*

1. ESTATE BY THE CURTESY—*when it exists.* A married woman acquired the title to certain real estate with money realized from the sale of property devised to her by her father, there being then children of her marriage living. It was *held,* the husband took an estate by the curtesy in this land of his wife.

2. SAME—*subject to levy and sale on execution.* An estate of curtesy initiate is liable to seizure and sale on execution against the husband.

3. FRAUDULENT CONVEYANCE—*as to estate by the curtesy.* A husband's estate of curtesy initiate in his wife's lands being liable to sale under execution against him, a voluntary conveyance of it to a trustee, in trust for the wife, will be fraudulent and void as to then existing creditors of the husband.

4. LACHES—*judgment creditor seeking satisfaction by levy of execution.* A creditor recovered a judgment against his debtor in 1875, upon which an execution issued within a year, which was returned no property found. In 1882, and within seven years, another execution was issued, and levied upon land in which the debtor had an estate by the curtesy, which he had voluntarily settled upon his wife after having contracted the debt upon which the judgment was based. The wife, by bill, sought to enjoin the sale under the execution, and the creditor filed a cross-bill to set aside the conveyance, which the court dismissed, and decreed in favor of the wife: *Held,* that as the judgment was not barred, *laches* of the creditor could not be set up as against the rightfulness of the levy.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. JAMES FRAKE, and Mr. H. LORING, for the plaintiff in error:

Elkanah Gay had, at the time the indebtedness was incurred, an estate by the curtesy in the lands of his wife. 1 Washburn on Real Estate, chap. 6, sec. 51; *Wolf* v. *Wolf,* 67 Ill. 55; *Lang* v. *Hitchcock,* 99 id. 550.

This estate of curtesy initiate was liable to seizure and sale on execution against the husband. 1 Washburn on Real Estate, chap. 6, sec. 51; *Shortall* v. *Hinckley,* 31 Ill. 219; *Jacobs* v. *Rice,* 33 id. 369.

The conveyance from Gay and wife to Bishop, trustee, and the subsequent conveyance from that trustee to Harriet L. Gay, were void as to existing indebtedness of Elkanah Gay, and plaintiff in error being the holder of that existing indebtedness, had, therefore, a right to levy upon and sell Elkanah Gay's estate in said lands upon execution against Elkanah Gay, and this even before filing a bill to set aside prior fraudulent conveyances. Rev. Stat. chap. 59, sec. 4; *Choteau* v. *Jones,* 11 Ill. 300; *Bay* v. *Cook,* 31 id. 347; *Moritz* v. *Hoffman,* 35 id. 553; *Russell* v. *Fanning,* 2 Bradw. 632; *Guffin* v. *National Bank,* 74 Ill. 259; *Morrill* v. *Kilner,* 113 id. 318; 1 Story's Eq. Jur. secs. 350, 359, 361; *Reade* v. *Livingstone,* 3 Johns. Ch. 500; Chitty on Bills, sec. 238; *Van Duzer* v. *Van Duzer,* 6

Paige, 366; *Gould* v. *Steinburg,* 84 Ill. 170; *Newman* v. *Willetts,* 60 id. 519.

Parties to the deed are estopped from contradicting the plain admissions in the deed.   4 Kent's Com. 261, note.

Another maxim of the law is, that a person can not. take advantage of his own wrong.  *Greenman* v. *Greenman,* 107 Ill. 411.

The concealment of the deed of trust for over a year was a badge of fraud.  *Hungerford* v. *East,* 2 Vern. 261; *Hildreth* v. *Sands,* 2 Johns. Ch. 48; *Salmon* v. *Burnett,* 8 Wheat. 229.

Mr. C. R. STARR, for the defendant in error:

A settlement made upon a wife after marriage is not to be treated as wholly voluntary, when it is done in performance of a duty which a court of equity would enforce.   1 Story's Eq. Jur. secs. 362-372.

Mere indebtedness at the time will not, *per se,* establish that a voluntary conveyance was void even as to existing creditors, unless the other circumstances of the case justly create a presumption of fraud, actual or constructive.  *Patrick* v. *Patrick,* 77 Ill. 561; *Moritz* v. *Hoffman,* 35 id. 554; 2 Kent's Com. 174.

A sufficient consideration is "receiving from the trustees of the wife possession of her equitable property, that will be a sufficient consideration to give validity to the settlement."  See 2 Kent's Com. 174; *Sweeney* v. *Damron,* 47 Ill. 455; *Gridley* v. *Watson,* 53 id. 193; *Merrill* v. *Johnson,* 96 id. 231.

The Statute of Limitations may be urged on demurrer when a bar appears on the face of the bill, unless an equitable excuse is alleged in the bill to avoid the bar.  *Board of Supervisors* v. *Drainage Co.* 52 Ill. 299; *Bell* v. *Johnson,* 111 id. 379; Story's Eq. Pl. sec. 484.

It is the settled doctrine of courts of equity in England, and of this court, that great delay of either party, unexplained, constitutes such *laches* as would forbid the interference of a court of equity.  *Walker* v. *Ray,* 111 Ill. 320.

If complainant has been guilty of gross *laches,* or if he applies for relief after a long lapse of time, unexplained by equitable circumstances, his bill will be dismissed. *Anderson* v. *Frye,* 18 Ill. 94.

If the complainant in the cross-bill had a legal right, it was gross *laches* that he did not assert it before, and the authorities say if he does not do so in apt time, a court of chancery will not entertain the bill, but will dismiss it on demurrer. *Iglehart* v. *Gibson,* 56 Ill. 92; *Hough* v. *Coughlan,* 41 id. 135; *Castner* v. *Walrod,* 83 id. 172; 2 Story's Eq. Jur. secs. 1520, 771.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, filed in August, 1882, in the circuit court of Kankakee county, by Harriet L. Gay, to enjoin the sheriff, and Mace Gay, the judgment creditor, from further proceedings under a levy of an execution which had been made upon the interest of Elkanah Gay, the husband of the complainant, in the lands described in the bill.

In 1853, Harriet L. Gay purchased the real estate described in the bill, with money realized from the sale of property devised to her by her father, she, at that time, being the wife of Elkanah Gay, and there being then two children of their marriage living. In July, 1857, Elkanah Gay became indebted to one A. T. Gay by a purchase of a cargo of lumber, a portion of which was used in improving the land in question. Subsequently, Elkanah Gay gave to A. T. Gay a promissory note for the balance then due on the said indebtedness, and this note was afterward transferred by A. T. Gay to Mace Gay, the principal defendant in the bill. This note was subsequently given up to Elkanah Gay, who gave another note as evidence of the same indebtedness. In 1875 this last note was put in suit by Mace Gay, and judgment obtained thereon by him, against Elkanah Gay. An execution issued thereon

within one year after its rendition, was returned no property found. In 1882, within seven years after the rendition. of the judgment, an *alias* execution was issued, under which the levy in question was made. By deed dated August 25, 1857, Elkanah Gay joined with his wife in conveying the lands in question to one Jesse P. Bishop, in trust, for the benefit of Harriet L. Gay, stating in the trust deed that it was made for the purpose of protecting the property from the debts of Elkanah Gay, "heretofore or hereafter to be contracted." One George Gay was afterward made trustee in place of Bishop, and in 1874, George Gay and Bishop conveyed all their interest in the land to Harriet L. Gay. Mace Gay filed his cross-bill, asking that the deeds from Elkanah Gay and wife to Bishop, from Bishop to George Gay, and from George Gay and Bishop to Harriet L. Gay, be set aside, and declared null and void as to him. A demurrer to the cross-bill was sustained, and on final hearing the relief prayed by the original bill was decreed.

There is some evidence going to show that the indebtedness for lumber, on account of which, in part, the judgment was rendered, was contracted subsequently to the making of the trust deed by Elkanah and his wife to Bishop, on August 25, 1857, but the great preponderance of evidence is, that it was contracted on July 28, 1857. As against such prior indebtedness, then, the subsequent trust deed made by Elkanah Gay and his wife to Bishop, on August 25, 1857, being a voluntary conveyance, without consideration, was invalid, as respected any interest of Elkanah Gay in the land. Elkanah Gay had, at that time, an estate by the curtesy in this land of his wife. (*Wolf* v. *Wolf*, 67 Ill. 55; *Lang* v. *Hitchcock*, 99 id. 550.) This estate of curtesy initiate was liable to seizure and sale on execution against the husband. *Shortall* v. *Hinckley*, 31 Ill. 219; *Jacobs* v. *Rice*, 33 id. 369; *Lang* v. *Hitchcock*, *supra.*

As Elkanah Gay makes the statement in his testimony that he joined with his wife in the trust deed to Bishop, in consequence of an agreement with Bishop, who was the trustee of

the property in Ohio, from the avails of which this land was purchased, it is urged that the trust deed to Bishop was not, therefore, wholly voluntary,—that it was made in pursuance of a duty which a court of equity would enforce. Without stopping to inquire as to the effect of any agreement in such respect, the agreement spoken of by Elkanah Gay is too vague and unsatisfactory to allow to it any influence in controlling the present decision. It does not appear when the agreement was made or what it was,—that it was anything more than an agreement on Gay's part to unite with his wife in this deed of trust, made at, or recently before, the time of its execution. This trust deed to Bishop was made nearly four years after the purchase of the land by Mrs. Gay. Had there been any such agreement then existing, at the time of such purchase, we must suppose the deed would have been made to Bishop, as trustee, instead of to Mrs. Gay in her own name.

The trust deed to Bishop, although containing recitals in the matter, as, that she theretofore became possessed, in her own right, of certain moneys accruing to her by inheritance, with which the real estate was purchased, etc., makes no mention of such agreement; nor is any mention of it made in the bill, or in the testimony of Mrs. Gay. We do not find anything in the agreement testified to by Elkanah Gay, or any other circumstance in the case, to repel the legal presumption of fraud in respect to existing debts, which arises from the making of a voluntary settlement.

*Laches* is relied upon in support of the decree. The voluntary conveyance of the land to Bishop, as trustee, was null and void, as we find it to be, as against the judgment creditor here, and he had the right to take out execution upon the judgment, and levy upon the land, the judgment not being barred by any statute of limitations. The objection of *laches* has no application as against the rightfulness of the levy of the execution.

There was a mortgage on the land of $1000, and it is claimed that the land conveyed was not worth more than the homestead right above the mortgage on it.   We consider that the testimony fairly shows the land was worth at least $3000.

The decree will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*