## Bullet *vs* Stewart *et al.*

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Lis Pendens. Lien. Proceeding in Rem.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

STEWART and his co-complainants, though separate judgment creditors of the same debtor, had a right to join in the same bill, for subjecting and distributing among themselves the same common fund, after a return of

CHANCERY.

| 3bm 115,
| 109 201;

Case 36.

*October* 4.

Several judgment creditors, each having a return of *nulla bona* on their executions, may unite in a

bill in Chancery,
to subject and
distribute a com-
mon fund—and
after the service
of process was a
*lis pendens,* a
lien without any
injunction.

*nulla bona* on the *fi. fa.* of each. Had they not thus uni-
ted, their bills ought to have been consolidated.

And, although those complainants neither sought nor
obtained any conjunction, nevertheless, as they proceeded
*in rem,* their *lis pendens* operated as a lien on the fund
sought to be subjected. And consequently, as their *sub-
pœna* was executed before Wm. N. Bullet, (the plaintiff
in error,) sued the same debtor, and enjoined the same
fund, their lien was prior to his, and the Chancellor did
not err to his predjudice in so decreeing.

The decree is therefore affirmed.

*Pirtle* for plaintiff: *Loughborough* for defendants.