CASE 25—PETITION EQUITY—SEPTEMBER 29.

## Parsons vs. Meyburg, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

Equitable proceedings for enforcing an equitable lien, or for subjecting a known and described equity, are not affected by sections 474, 875, of Civil Code.

HARRISON & BENNETT, for appellants, cited *Civil Code, secs.* 748, 766, 474, 476, 477; 1 *Met.*, 656; 9 *B. M.*, 231.

L. N. DEMBITZ, for appellee, cited *Story's Eq., sec.* 1216; 6 *B. M.*, 414; 1 *Met.*, 632, 150; 2 *Met.*, 359; 3 *Met.*, 429; 1 *Litt.*, 300.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

It seems to this court that the provisions of the Code, regulating proceedings and attachments on bills for discovery and subjection of property after a return of " no property " on an

execution, do not apply to a petition in equity for the subjection of an equity known and described, or for enforcing an equitable lien.   Any such proceeding *in rem* operates as a lien without a formal attachment.   And, consequently, the pre-existing law anthorizing and regulating such proceedings is not inconsistent with the modern law regulating attachments. Nor is it repealed or modified by the 875th section of the Code.

Wherefore, the common law lien of the appellees, who first sued *in rem*, was superior to the subsequent attachment lien of the appellants.   And, as the chancellor so decided, his judgment is affirmed.