JUDGE ROBERTSON
delivered the opinion op the court:
On an official return of nulla bona on a ji. fa. issued on a judgment in favor of the appellants against B. N. Shropshire, they filed a bill for the discovery and subjection of property unknown to them. The summons was served on the 6th of June, 1865, and Shropshire filed an answer on the 13th of July, 1865, discovering an available equity in fifty acres of land; and, on the same day, the appellants filed an amended petition for subjecting the specific interest thus disclosed.
But in the meantime, on the 30th of June, 1865, James F. Robinson and others, as judgment creditors of the same debtor, having also obtained a return of “ no property,” filed their petition, charging that Shropshire held a vendible interest in the identical land afterwards disclosed in his answer to the petition of the appellants, *296 and prayed for the subjection of it to their debt. And the circuit court, on a consolidation of the two cases, decreed the sale of the land, and adjudged priority to Robinson and his associates.
That the lis pendens in the case of Robinson, &c., being specifically in rem, operated as a lien on the fifty acres of land, could not be consistently doubted, and is settled in the case of Parsons vs. Meyburgh, &c. (1 Duvall, 206). And we are of the opinion that the fishing bill of discovery, previously filed by the appellants, seeking the disclosure and subjection of unknown and unspecified property, did not operate as a lien on the land until the discovery was made. There was no attachment to initiate or hold a lien, and the petition created none. And, therefore, according to the common law, as well as the constructive object and effect of sections 474-5-6, of our Civil Code, no specific lien attached before the discovery of Shropshire’s interest in the land, when, for the first time, the appellants had a Us pendens, and a potential and prospective lien as to that property, under the prayer for subjecting whatever might be discovered, and for perfecting which lien the amended petition was filed. The antecedent discovery and lien of Robinson, &c., were not overreached or postponed by that later discovery and lien resulting from Shropshire’s answer and the amended petition thereupon filed by the appellants, but still, nevertheless, continued prior in date and preferable in legal effect, as adjudged by the circuit court.
Wherefore, the judgment is affirmed.