Murphy, &c., v. Cochran's trustee.

| | |
|---|---|
| 3r | 239 |
| 84 | 288 |
| 80 | 239 |
| 109 | 201 |
| 80 | 239 |
| 118 | 562 |
| 80 | 239 |
| f123 | 588 |

CASE 44—EQUITY—APRIL 18, 1882.

## Murphy, &c., v. Cochran's trustee.

APPEAL FROM GRAVES CIRCUIT COURT.

1. When a proceeding is instituted upon a return of "no property" to subject property specifically described, no attachment levy is necessary to give a lien against the property.
2. Section 442, Civil Code, was not intended to interfere with such liens, but to aid a court of equity in subjecting property to the satisfaction of an ascertained debt where a discovery is necessary.
3. It was error to refuse appellant the right to file his petition claiming the property in controversy.

Murphy, &c., v. Cochran's trustee.

W. W. TICE FOR APPELLANT.

1. No lien was created upon the property in controversy by this suit, attachment, &c. The judgment is error in declaring that such a lien existed, and in subjecting the property to sale.
2. It was error to refuse appellant the right to file his petition to be made a party claiming the property.

No brief for appellee.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

In an action on a return of "no property," where the proceeding is to subject property specifically described, no attachment levy is necessary to give a lien as against the defendant in the action. The lien is an incident to such a proceeding in equity, and independent of the Code. Section 442 of the Code was not intended to interfere with such liens, but to enlarge the power of a court of equity in the subjection of property to the satisfaction of an ascertained debt where a proceeding for discovery is necessary. In such case a general attachment may be issued, the levy of which will create a lien, or a lien may be created by the service of a summons, with the object of the action indorsed thereon, on the person holding or controlling the defendant's property. (Menderson, &c., v. Specker, &c., MS. Op., October 8th, 1881.) In this case the main object of the action being to subject the property in controversy, and it being sufficiently described in order to identification, an equitable lien was created as against the debtor by the filing of the petition and the service of summons. (3 Sumner.)

The court below, however, erred in refusing to allow D. S. Murphy to file his petition claiming the property. By the provisions of section 29 of the Civil Code this is authorized to be done at any time before the disposition of the proceeds of the property against which the lien is asserted.

The summons served upon D. S. Murphy only required him to answer as a garnishee. The object of the suit was not indorsed upon the summons, and he cannot therefore be held to know the object of the suit, and to be estopped by reason of delay in filing his petition laying claim to the property. For this error the cause must be sent back, with directions to allow D. S. Murphy to file his petition and litigate his claim to the tobacco.