*Wingfield Buckner, for appellant.*

———————•———————

### D. C. FLOYD v. JOSEPH A. MARTIN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—891.]

**Conveyance to Defraud Creditors.**

A conveyance by a husband through another to his wife in satisfaction of a verbal antenuptial agreement made many years before, and of property vastly in excess of any claims of the wife and at a time shortly before suit was brought against him for damages resulting in a judgment against him after the date of such conveyance, and where no demand or claim had ever been made by

the wife, will be held to have been made to defraud the creditor and will be set aside.

APPEAL FROM GREENUP CIRCUIT COURT.

April 14, 1883.

OPINION BY JUDGE HARGIS:

The appellee, Joseph A. Martin, committed an assault upon the person of the appellant, David C. Floyd, who sued him and others therefor and obtained judgment against them for $450 in damages and costs. A capias ad satisfaciendum was returned "no property found," and that resistance to arrest had been made by Joseph A. Martin, who made his escape before the sheriff could summon force sufficient to arrest him.

This action was brought to set aside a deed from Martin to his wife, Nancy, which he made after the assault was committed and shortly before suit was brought therefor, on the ground that the deed was made in anticipation of the judgment for damages and for the fraudulent purpose of avoiding its payment. It appears that Martin on the 20th of August, 1877, shortly before Floyd sued him for the assault, conveyed in consideration of $1 to A. M. Davidson three tracts of land, containing in the aggregate about 182 acres, three mules, six oxen, six milch cows, seven heifers, one three-year-old steer, eighty-seven hogs, sixty sheep, three wagons, a mortgage and whatever judgments he might recover in certain actions of his in the Court of Appeals. On the same day Davidson conveyed the same property to Nancy Martin in consideration of $1. She relied upon the legal title and an equity based upon an alleged verbal post-nuptial understanding between her and her husband, Joseph A. Martin, that he was to invest the property which descended or was distributed to her from her father's estate in land for her benefit.

They were married in 1844, and he seems to have taken no steps to secure to his wife the personalty given to her shortly after the marriage until he had committed the assault and just before he was sued for it, a period of about thirty-three years. The administrator of her father's estate settled his accounts January 28, 1862, and it appears she received only $329.44 from the estate. She testifies she received money and property which, or the proceeds of which, paid

for the one hundred eighty-two acres of land conveyed by her husband to Davidson in trust for her. She does not specify any amount of money or the kind or quantity of property received from her father's estate, other than a horse and cow which her brother testified her father gave to her shortly after the marriage, and the $329.44 received from the administrator. The lands which she received from her father still belong to her, but not being separate estate, her husband was entitled to the rents and profits; hence they can not enter into consideration in support of her alleged equity.

More than fifteen years elapsed after the administrator settled her father's estate, before her husband bethought himself of the alleged duty of settling the value of her property upon her. When he undertook to do so he conveyed largely more than was necessary for the purpose, leaving himself insolvent and the collection of appellant's judgment totally defeated, unless the relief sought be granted.

It appears, besides retaining her share of the realty descended to her, that she bought her brother's interest in the dower of her mother, in the year 1861 for the sum of $1,000, $200 of which was paid by her husband, releasing a debt of that amount he held on her brother; besides he paid thereon a horse or two and some money. In view of the long delay which preceded the execution of the conveyance, the reduction of her personalty and the rents of her land to possession by her husband, the purchase of her brother's interest in the dower and the manner in which it was paid for, and the absence of evidence tending to prove any complaint or demand upon the husband by her to comply with the alleged understanding, we are of the opinion that the conveyance was made with the fraudulent purpose to hinder and defeat the successful prosecution of the appellant's, Floyd's, action for the assault. As she has not shown an untainted equity and a pressing need of a settlement upon her, we are constrained to declare that her legal title, to the extent it may be necessary to satisfy appellant's judgment and costs, is unsupported and void. *Slater v. Sherman,* 5 Bush (Ky.) 206.

Wherefore the judgment is *reversed* and cause remanded with directions to subject so much of the lands conveyed by Joseph A. Martin to Davidson and by him to Mrs. Martin as may be necessary to pay appellant's judgment and costs.

*Dulin & Phister, for appellant.*

*Geo. M. Thomas, E. B. Wilhoit, for appellees.*