ALEXANDER KEADY *et al.*

*v.*

JOHN L. WHITE.

*Opinion filed November 1, 1897.*

1. HUSBAND AND WIFE—*voluntary conveyance between husband and wife void as against creditors.* A voluntary conveyance from husband to wife, for the purpose of placing the title in her name, is void as against a judgment creditor whose debt existed when the conveyance was made.

2. SAME—*when wife's property is liable for husband's debts.* Where a wife consents to her husband's taking the title to property purchased for her, and allows it to stand in his name, it is liable for his debts.

3. STATUTE OF FRAUDS—*verbal ante-nuptial contract is void.* A verbal ante-nuptial contract, though followed by marriage, is void under the Statute of Frauds, and is not a sufficient consideration to support a conveyance of property in pursuance thereof, made after the rights of third parties have intervened.

4. LIENS—*when wife is entitled to lien for money loaned.* Money loaned by a wife to her husband until such time as it should be put into a home, will be allowed as a lien against property subsequently acquired by the husband as a home, superior to the lien of a judgment creditor whose claim arose after the property was acquired.

5. INTEREST—*interest is allowed in equity because of equitable considerations.* In equity interest is allowed or withheld, as, under all the circumstances of the case, seems just and equitable.

*White* v. *Keady*, 69 Ill. App. 404, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This is a creditor's bill in the circuit court of McLean county, by John L. White, against Alexander Keady and others, to set aside a deed dated September 27, 1893, from Alexander Keady to his brother, Samuel B. Keady, and also a deed from Samuel B. Keady to Cora Keady, wife of Alexander Keady, for lot 6 and the south half of lot 5, in block 2, of Fell Park addition to the town of Normal,

McLean county, Illinois. The bill alleges the recovery of a judgment on February 4, 1894, against Alexander Keady, John N. Boyer, W. P. Marley, G. A. Griggs, E. A. Vencil and the Home Nursery Company, for the sum of $3038.02, on two notes, one dated July 9, 1891, for $1000, with seven per cent interest, and one dated August 29, 1891, for $1500, and drawing seven per cent interest; shows the issuance and return of execution and demand upon all the defendants, and that all the defendants scheduled under the statute except the Home Nursery Company, claiming exemptions as the heads of families, the schedules showing that none of them had any personal property over and above the exemptions allowed by the statute of this State. The Home Nursery Company was placed in the hands of a receiver, and when its business was closed up there was not enough to pay its indebtedness by about $20,000. The bill seeks to subject to the payment of this judgment the lots described in the deeds aforesaid as being the property of Alexander Keady, alleging that the deeds were without consideration and in fraud of the rights of complainant, John L. White, and other creditors.

Alexander Keady filed an answer admitting the recovery of the judgment; setting up that he was a widower with three children, and that prior to his marriage to Cora Schnebley, January 6, 1886, he entered into a contract with her, in which it was agreed that if she would marry him and care for his children, at some future day when it should be convenient and he should be financially able he would deed to her a home in her own right, and that in consideration thereof she gave herself in marriage to him, and shortly after marriage placed in his hands the sum of $400, to be used by him until such time as it, with interest for the use of the same, should be used for the purpose of a home; that he used the $400 for about five and one-half years, and with the said $400 and interest he purchased for his wife, Cora Keady, the real

estate in question for a home; that her brother, who was the contractor who built the house, made her a present of $500 in labor, work and materials used in the construction of the said house built on the said lots. The answer denies want of consideration, and fraud.

Samuel B. Keady, the brother, in his answer admits the conveyance from Alexander Keady to himself; denies want of consideration, fraud, etc., and admits the property was conveyed to him for the purpose of having him reconvey to Cora Keady, the wife of Alexander Keady.

Cora Keady also filed her answer, denying the allegation of want of consideration, fraud, etc., and setting up the same ante-nuptial agreement contained in the answer of her husband, Alexander Keady, that he would deed her a home in her own right, when he was financially able, if she would marry him; that she accepted and married him, and that soon after the marriage she placed in his hands $400, to be used until such time as said money, with interest, should be put into a piece of land, upon which should be erected a home, which she should have in her own right.

The cause was heard in the circuit court upon the pleadings and proofs, and on the hearing a decree was entered dismissing the bill for want of equity, which decree was reversed by the Appellate Court for the Third District and the cause remanded, with directions to the circuit court to enter a decree that the conveyance from Alexander Keady to Samuel B. Keady, and that from Samuel B. Keady to Cora Keady, were fraudulent as against the judgment of John L. White; that Cora B. Keady is entitled to a lien in the sum of $400 against the premises superior to the lien of the judgment, but was not entitled to interest thereon, and that Alexander Keady and Cora Keady are entitled to a homestead estate in the property. From the judgment of the Appellate Court a writ of error was taken to this court.

OWEN T. REEVES, and HARVEY HART, for plaintiffs in error:

To make a deed voluntary it must be without any valuable consideration. *Reade* v. *Livingston*, 8 Cow. 406.

While the statute requires that ante-nuptial agreements shall be in writing, still, if a parol ante-nuptial agreement is executed on both sides the Statute of Frauds does not apply, and such a verbal ante-nuptial contract executed by the parties cannot be assailed by the parties or by third persons on the ground that it was not in writing. *Edwards* v. *Martin*, 39 Ill. App. 145; 1 Sharswood's Blackstone, p. 442, note 28; *Sanders* v. *Miller*, 79 Ky. 517; *Houghton* v. *Houghton*, 14 Ind. 508; *Hursey* v. *Castle*, 41 Cal. 239; *Dundas* v. *Dutens*, 1 Ves. Jr. 196; *McCampbell* v. *McCampbell*, 5 Litt. 98; *Shaw* v. *Jakeman*, 4 East, 201; *Hall* v. *Light*, 2 Duval, 358; Kelly on Married Women, pp. 2, 3, sec. 2; *Gordon* v. *Tweedy*, 71 Ala. 213; *Andrews* v. *Jones*, 10 id. 401; Browne on Statute of Frauds, sec. 116; *Newman* v. *Nellis*, 97 N. Y. 285.

The plea of the Statute of Frauds is a personal privilege, like the plea of infancy, but another cannot plead it for him or compel him to plead it. *Wright* v. *Jones*, 105 Ind. 17; *McCoy* v. *Williams*, 1 Gilm. 584; *Dock Co.* v. *Kinzie*, 49 Ill. 289; *King* v. *Bushnell*, 121 id. 656; *Kelly* v. *Kendall*, 118 id. 650; *Singer* v. *Carpenter*, 125 id. 121; *Hursey* v. *Castle*, 41 Cal. 239; *Livermore* v. *Northrup*, 44 N. Y. 110.

The holder of an equity who has acquired it for value, without notice of a prior equity, may, even after he has received notice of the prior equity, obtain an advantage by getting in the outstanding legal title. Story's Eq. Jur. sec. 64c; Bispham's Eq. Jur. p. 66, sec. 40; *Reeves* v. *Ayers*, 38 Ill. 418; *Knobloch* v. *Mueller*, 123 id. 554; *McNary* v. *Southworth*, 58 id. 473; *Betser* v. *Rankin*, 77 id. 289.

FIFER & BARRY, for defendant in error:

A verbal ante-nuptial agreement, although followed by marriage, is not a sufficient consideration to uphold a

promissory note based on it as a consideration. *Richardson* v. *Richardson*, 148 Ill. 567.

Ante-nuptial contracts not in writing, although they may be put in writing after the marriage, are void as against creditors.    8 Am. & Eng. Ency. of Law, 684.

Strangers and creditors can set up the Statute of Frauds even though the parties to the contract want to waive it.    2 Wharton on Evidence, 912.

A parol ante-nuptial contract is not valid as against creditors, because as to them it is voluntary.    Putting it in writing after the marriage will not make it valid. *Albert* v. *Wines*, 5 Md. 66; *Wood* v. *Savage*, 2 Doug. 316.

A settlement made by a husband upon his wife after marriage, in pursuance of a parol agreement entered into before marriage, is not valid, and if such settlement is made by the husband indebted at the time, it is fraudulent and void against all such creditors. *Borst* v. *Corey*, 16 Barb. 136; *Reade* v. *Livingston*, 3 Johns. Ch. 481; *Izane* v. *Middleton*, Bailey's Eq. 228; *Davidson* v. *Graves*, Riley, 219; *Smith* v. *Greer*, 3 Humph. 118; *Blow* v. *Maynard*, 2 Leigh, 29.

Consummation of marriage is not such a part performance of contract as will take the case out of the statute. *Richardson* v. *Richardson*, 148 Ill. 567; *McAnnulty* v. *McAnnulty*, 120 id. 26.

Marriage is not a good consideration for a settlement if creditors are affected.    *Sanford* v. *Finkle*, 112 Ill. 151.

A deed of conveyance from husband to wife without an adequate consideration is void as against creditors, whether lienholders or not, and as to such the title does not pass.    *Whitenack* v. *Agartt*, 56 Ill. App. 72.

Conveyances will be deemed fraudulent as against creditors when they are entered into with a fraudulent intent, and also when it appears from the terms of the agreement or the nature of the transaction itself, as a mere inference of law, without regard to the motives of the party.    *Lawson* v. *Funk*, 108 Ill. 502; *Phillips* v. *Kesterson*, 154 id. 572.

Where a wife allows her property to stand in her husband's name it will be subject to his debts. *Hackett* v. *Bailey*, 86 Ill. 74; *Patton* v. *Gates*, 67 id. 164; *Lowentrout* v. *Campbell*, 130 id. 503; 31 Ill. App. 114; *Miller* v. *Payne*, 4 id. 112; *Maddux* v. *Epler*, 48 id. 265; *Wortman* v. *Price*, 47 Ill. 22.

Where a husband undertakes to prefer his wife to the exclusion of other creditors, the proof should be clear and satisfactory that she has a valid subsisting debt,—one which is to be enforced and payment exacted regardless of the fortune or misfortune of the husband. *Frank* v. *King*, 121 Ill. 254.

If a wife loans money to her husband, and he buys real estate with it and takes the title in his own name, there will be no resulting trust in the land in her favor. She will only be a creditor. *Stewart* v. *Fellows* 128 Ill. 480.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It appears from the testimony that a deed was made to Alexander Keady for lot 6 and the south half of lot 5, in block 2, of Fell Park addition to the town of Normal, McLean county, and duly filed for record in May, 1891. It is claimed by plaintiffs in error in this court that the deed should have been made to Cora Keady, the wife. The title stood in Alexander Keady until September 27, 1893, when Alexander Keady conveyed to his brother, Samuel B. Keady, who on November 30, 1893, conveyed to Cora Keady, for the purpose, as is admitted, of putting the title in her. When the indebtedness to John L. White was incurred, in July and August, 1891, the title stood in Alexander Keady, and continued to stand in him until September, 1893. Suit was commenced against Alexander Keady in January, 1894, and shortly after, January 19, 1894, the deed to Cora Keady was placed upon record. The testimony shows that Mrs. Keady knew the deed had been made to her husband from the time it was made, in May, 1891, until the house was completed, in September,

1893. The title thus standing in Alexander Keady's (her husband's) name, with her knowledge, would make the property liable for his debts. White being a creditor at the time of the conveyance, it was fraudulent in law as to him. (*Lowentrout* v. *Campbell*, 130 Ill. 503.). It is admitted no consideration passed when the deeds were executed, and that the purpose was to place the title in Mrs. Cora Keady. A mere voluntary conveyance from a husband to a wife is null and void as against the judgment creditor, as held by this court in *Gay* v. *Gay*, 123 Ill. 221, and *Marmon* v. *Harwood*, 124 id. 104.

Plaintiffs in error contend that the ante-nuptial agreement set up in the answer was a sufficient consideration. The agreement was a mere verbal agreement, and void by the Statute of Frauds. The first section of chapter 59 of the Revised Statutes of Illinois, entitled "Frauds and Perjuries," among other things declares: "No action shall be brought whereby to charge   *   *   *   any person upon any agreement made upon consideration of marriage,   *   *   *   unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." This alleged ante-nuptial agreement clearly comes within the provisions of the statute, and the statute must control. The contention by plaintiffs in error that the ante-nuptial agreement shows a sufficient consideration to sustain the deed to Mrs. Cora Keady is manifestly untenable, in view of the decision by this court in *McAnnulty* v. *McAnnulty*, 120 Ill. 26, and cases there cited. Neither is the consummation of the marriage sufficient to take such an agreement out of the statute. *Richardson* v. *Richardson*, 148 Ill. 563; *McAnnulty* v. *McAnnulty*, *supra*.

Complainant's rights as a creditor of Alexander Keady, the husband, having intervened while the title remained in him and before the alleged ante-nuptial agreement was

consummated between the husband and wife, the agreement falls within the operation of the statute and is void.

The $500 claimed to be given to Cora Keady by her brother, the contractor, we cannot view in the light of a gift. The architect's plans for the house were estimated to cost $3100 or $3200. Keady had only $2700 he could put in the house, and the contractor, the brother of Mrs. Keady, finally agreed to build the house for $2700,—a price less than the estimated cost.

As to the $400 earned by the wife before her marriage to Keady, and which she placed in his hands to be used by him until such time as the money, with interest, should be put in a home, we are inclined to hold the same view as the Appellate Court: that the equities as to this item are so strong that a lien should be reserved against the property superior to the rights of White, the creditor. But we do not concur with the Appellate Court that Mrs. Cora Keady is not entitled to interest on the $400. Interest, in equity, is allowed because of equitable considerations, and it gives or withholds interest as, under all the circumstances of the case, it deems equitable and just. This money was placed in the husband's hands, and remained there, from shortly after their marriage, in January, 1886, and was used by him until May 5, 1891. Mrs. Keady testified on her cross-examination that she let Keady have the $400; that she was to have the worth of her money *and interest;* that he took it and used it. Keady himself says she was entitled to interest on this money, and as a creditor of her husband she was entitled to receive interest for its use.

The decree of the Appellate Court is affirmed, except that the circuit court is directed to allow interest on the $400 from January 6, 1886, to May 5, 1891.

*Decree affirmed in part.*