Caldwell v. Deposit Bank of Eminence, Lewis v. Same.

---

CASE 29—ACTION TO RECOVER DAMAGES FOR THE WRONGFUL LEVY OF AN ATTACHMENT—OCT. 16.

# Caldwell v. Deposit Bank of Eminence.
# Lewis v. Same.

APPEAL FROM HENRY CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL. AFFIRMED.

ATTACHMENT—WRONGFUL LEVY—DAMAGES—LIS PENDENS.

Held: An action to set aside a conveyance alleged to have been executed in fraud of creditors creates a *lis pendens* lien on the property sought to be thus subjected, and as the levy of an at-tachment in such suit on the property causes no additional dam-age, the defendant, on defeating the attachment, can not recover damages for the wrongful levy thereof; the only damage suffered being caused by the bringing of the action.

L. C. WILLIS, ATTORNEY FOR APPELLANTS, J. C. BECKHAM & SON OF COUNSEL.

We insist that the only question that can possibly arise, that can defeat the plaintiff's right to recover in this action, is the con-struction of section 7 of the Kentucky Statutes. The court below held, it refers to personal property and not to real estate, but we insist that this ruling is unsupported by authority, and it appears to be wholly without reason. Mitchell v. Mattingly, 1 Met., 237;

Carpenter v. Stevenson, 6 Bush., 259; Hall v. Forman, 82 Ky., 505; Wolfe & Co. v. Hunter, 15 Law Rep., 846; Goodwin v. Pennell & Co., 11 Law Rep., 140; Blakeley's Assignee v. Smith, &c., 16 Law Rep., 109; Roche v. Link, 15 Law Rep., 702; Maynard v. May, 16 Law Rep., 690; Bibb v. Jones' Assignee 12 Law Rep., 605.

G. G. GILBERT, ATTORNEY FOR APPELLEE.

### POINTS AND AUTHORITIES CITED.

Where an attachment is levied upon real estate, the possession and beneficial use remain in the defendant. Heathman v. Million, 17 Ky. Law Rep., 421; Wood v. Weir & Sayre, 5 B. Mon., 549; M'Clain v. Lebus Grn., &c., 11 Ky. Law Rep., 260.

Attorneys' fees can not be collected where their services were rendered defending the cause of action, and not in defending the attachment. Worthington &c. v. Morris's Exr., &c., 17 Ky. Law Rep., 624; Smith &c. v. Bell &c., 91 Ky. Law Rep., 659 Johnson v. Farmers Bank of Kentucky, 4 Bush., 286; Bergen v. Sharer, 14 B. Mon., 500.

The lien of the bank was obtained by the service of the summons and that lien was not enlarged by the levy of the attachment. Murphy &c. v. Cochran's Trustee, 80 Ky., 239; Civil Code, secs. 439 and 442.

There are only two causes af action that can grow out of the wrongful procurement of an attachment. One is upon the bond, if a bond has been given, and the other, is for maliciously suing out an attachment, if malice be alleged and proved. Hall v. Foreman &c., 5 Ky. Law Rep., 140; Pettitt &c. v. Mercer, 8 B. Mon., 51; Reidhar & Co., v. Berger, 8 B. Mon., 160.

As the law then stood, the bank could not sue to set aside the deed, until it had first obtained judgment and a return of no property found. Anderson &c. v. Avery, &c., 6 Ky. Law Rep., 363; and numerous cases. Emison &c. v. Hinton, 9 Ky. Law Rep., 287.

This suit is predicated upon section seven of the Kentucky Statutes. But that statute has no application, and can have no application to any case, unless the property has been seized and the defendant deprived of the possession and use.

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

Suit was brought in the Shelby Circuit Court to settle the estate of W. T. Hardin, to which suit the Deposit Bank and others were made defendants. The bank filed its an-

swer and cross petition, and obtained judgment against the personal representatives of Hardin. An execution issued on this judgment was returned, "No property found." In the same action the bank thereupon filed supplemental proceedings, and attacked certain deeds of conveyance which had been executed by the decedent, Hardin, to his sons-in-law, the appellants here, the attack being based upon allegations that they were voluntary and fraudulent, and executed to hinder and delay Hardin's creditors; that the bank's debt was in existence before the execution of the deeds; that Hardin was insolvent; and it was prayed that the deeds to certain lots in the Parkland subdivision of Louisville be set aside, and the property sold for the purpose of applying the proceeds to the payment of the bank's debt. In these supplemental proceedings an attachment was issued, without bond, under section 439 of the Civil Code, and levied upon the lots in Parkland as the property of Hardin. No ground of attachment was alleged, except the fact of the judgment, execution, and return of *nulla bona*. Issue was joined upon these averments by appellants, who set up affirmatively that the deeds to them were executed for a valuable consideration. The trial court adjudged the conveyances to have been fraudulent as to the bank and other antecedent creditors, sustained the attachments, and ordered the lots in Parkland sold. As the judgment was not superseded, the property was advertised and sold, when the bank became the purchaser of all the lots conveyed to appellants, at the price of $1,900, which sale was subsequently confirmed, but no deed or writ of possession obtained for the land. After the sale, the appellants sued out appeals, upon which the judgments against them were reversed; and, after the reversal, and an attempt on the part of the

present appellants to compel the bank to pay the purchase money for the lots, the sales were set aside, the bonds canceled, and the lots adjudged to be the property of the appellants. Thereupon the appellants brought these, their separate suits, in the Henry Circuit Court for damages for wrongfully, unlawfully, and without probable cause causing the Parkland lots to be attached, etc., whereby it was alleged that the appellants had been wrongfully deprived of the custody and control of their property, which had greatly depreciated in value, and whereby appellants had been compelled to expend large sums of money in traveling expenses and costs and attorney's fees in securing final judgment restoring their property. The appellee denied the material averments of the petition, except the fact of the issuance, levy, etc., of the attachments, and the court proceedings in which those attachments were issued. Upon the issue thus formed a trial was had, at the conclusion of which the court instructed the jury to find for the defendant (appellee).

In determining whether the circuit judge erred in granting the peremptory instruction, we are to inquire whether any damages resulted to appellants from the attachments sued out by the bank, distinct from the damages which resulted from the suit to set aside as fraudulent the conveyances made to appellants by Hardin. Had that suit been brought without the issuance of any attachment, it is perfectly clear that, though the bank was finally defeated in its suit, the only penalty which could be imposed upon it, and the only damages which could be recovered against it, would be the cost of the proceedings, including the taxed attorney's fees. It had the undoubted right, believing the conveyances to be fraudulent, to bring its suit to set them aside, taking the risk which every litigant

takes in bringing suit,—of paying costs in case of failure.
Did the issuance and levy of the attachments have any
other or further effect, to the detriment of appellant's
property, than the bringing of the suit itself? We think
not. This suit in equity described the property sought to
be subjected to the bank's claim; those who claimed to be
the owners of the property were made defendants, and were
actually summoned; the court had jurisdiction (Civil Code,
section 70; McCallister's Adm'r v. Savings Bank, 80 Ky.,
684); and it is well settled that such an action creates a
*lis pendens* lien upon the property sought to be thus sub-
jected, without any attachment, or any indorsement on the
summons of the object of the action (Bullett v. Stewart
3 B. Mon., 115; Ward's Adm'rs v. Robinson, 1 Bush, 295;
Murphy v. Cochran's Trustee, 80 Ky., 240; Parsons v. Mey-
burg, 1 Duv., 206; Gibbons v. Road Co., 14 Bush. 389). This
being so, what additional damage could be done, either by
service of summons with the object of the action indorsed
thereon, or by the levy of the attachment under section
442, than was effected by the bringing of the suit? In
such case the attachment levy is but the accompanying
shadow of the *lis pendens* lien created by the suit itself,
and has no more effect for good or evil. All that is ac-
complished is accomplished by the suit, which specifies the
lands sought to be subjected. It follows that, as the at-
tachment did not cause the damages, no damages can be
recovered for its levy. It seems to be well settled, also,
that the levy of an attachment on real estate does not
have the effect of depriving the defendant in the attach-
ment of the beneficial use of the land pending the litiga-
tion. In an opinion by Judge Eastin in Heathman v. Mil-
lion (Ky.) 31 S. W., 475, it is said: "We do not understand
that an attaching creditor, by the mere levy of his attach-

202          KENTUCKY REPORTS.          [Vol. 109

Caldwell v. Deposit Bank of Eminence. Lewis v. Same.

ment upon land, becomes entitled to the possession of the land, or to the benefit of its rents and profits; nor do we understand that he can, by virtue of such levy, exclude from possession the party rightfully entitled thereto. . . ." In the case of Worthington v. Morris' Ex'x (Ky.) 32 S. W., 269, attachments were issued and levied on tobacco, the ownership of which was in controversy. Averments were made that that tobacco was being fraudulently concealed. Said the court, in an opinion by Judge Hazelrigg: "The action was analogous to one brought to set aside a fraudulent conveyance. . . . It was in effect a suit for the tobacco, and if the plaintiff had succeeded in establishing the facts alleged with reference to this alleged concealment, or 'cover up,' he would have succeeded in subjecting the tobacco to his debt, whether the grounds of his attachment had been held good or not. We do not see in what respect this action differs from one brought to subject property alleged to be fraudulently held by one person for the benefit or protection of another as against the latter's debts. If the plaintiff succeeds in such a case, he may as justly claim that he ought to have his attorney's fees paid, because the defendant wrongfully and illegally sought to cover up his friend's property, and caused this additional loss, as that the defendant, if successful, may claim his extraordinary costs and attorney's fees. Whatever may be the rule when one not charged with fraud, and not a party to the action, but whose property has been wrongfully seized under attachment, intervenes and succeeds in establishing his claim to the property, we do not think the defendant, in a case like this one, can recover any costs, save in the action to which he is a party, and which may be allowed him by statute." Appellants especially rely upon section 7, Ken-

tucky Statutes, providing: "If property be distrained or attached without good cause for suing out such distress or attachment, the owner of such property may, in an action against the party suing out the distress or attachment, recover damages for the wrongful seizure; and if the property be sold, also damages for the sale thereof, and the defendant's costs in the distress or attachment, including reasonable attorney's fees. In such cases the plaintiff shall not be held to allege or prove malice on the part of the defendant." It is urged on behalf of appellee bank that this section does not apply to a case in which, under section 439, no cause, good or bad, is required to be alleged to secure the attachment. But it is not necessary to decide that question, as in the case at bar we have reached the conclusion that no damages were caused by the attachments. For the reasons given, the judgment is affirmed.