CASE 70—ACTION BY M. F. PHILLIPS AND J. H. WILKERSON TO AT-
TACH THE INTEREST OF R. L. MCCLURE IN THE ESTATE OF MRS.
C. B. MCCLURE, DECEASED.—JUNE 18.

# Wilkerson v. Phillips, &c.

APPEAL FROM WARREN CIRCUIT COURT—B. W. BRADBURN, JUDGE.

FROM THE JUDGMENT WILKERSON APPEALS. AFFIRMED.

ACTION ON JUDGMENT—GARNISHMENT OF DEBTOR'S INTEREST IN DE-
CEDENT'S ESTATE—DESCRIPTION OF PROPERTY—SUFFICIENCY.

In an action on a return of *nulla bona* an indorsement
on the attachment that the object of the action is to garnishee
any funds or property in the estate or possession of the estate of
the deceased mother of the debtor sufficiently describes the prop-
erty sought to be reached.

J G. COVINGTON AND J. B. GRIDER, FOR APPELLANT.

(No brief for appellant in the record.)

W. B. GAINES' & SAMUEL D. HINES, FOR APPELLEES.

## POINTS AND AUTHORITIES.

1. The institution of the action constitutes a *lis pendens* lien
on the fund in controversy. Parsons v. Meyburg, 1 Duv., 206;
Huffman v. Thomas, 2 Duv., 106; Murphy, &c. v. Cochran's Trus-
tee, 80 Ky., 239.
2. Description necessary to make the *lis pendens* lien. Price
v. Taylor, &c., 22 Ky. Law Rep.. 1945.
3. Before the term at which J. C. Sims had the right to and
before he did answer the garnishment he had the fund in contro-
versy in his hands. Civil Code, Section 224.
4. Appellant had both a *lis pendens* and attachment lien be-
fore the institution of appellee's action and was therefore properly
adjudged to have the prior and superior lien on the fund in
question.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The issue in this case is the priority of liens between two
attaching creditors of R. L. McClure. On the 5th day of

September, 1902, the appellee as surviving partner of H.
C. Hines & Co., brought her action in the Warren circuit
court against R. L. McClure upon a return of *nulla bona*
After reciting her judgment and return of *nulla bona* in-
dorsed on the execution which issued thereon, she alleged
that on the ——day of September, 1902, Mrs. C. B. Mc-
Clure had died a resident of Warren county, the owner of
certain property, leaving the defendant R. L. McClure one
of her next of kin, and entitled by inheritance to a certain
portion of the property, and that no personal representative
had been appointed to administer the estate; that, in ad-
dition to the interest which R. L. McClure took by inherit-
ance, decedent held the possession of certain moneys and
bonds, to which he was now entitled; and prayed for a
judgment against him, and that he be restrained from dis-
posing of any interest held by him in decedent's estate, or
any money or other property held by her or in her posses-
sion at the time of her death, and he was called upon to
answer and show what property or interest he had in the
estate of decedent. Summons and attachment issued, upon
which were indorsed these words: "The object of this ac-
tion is to garnishee any funds or property in the estate or
possession of the estate of Mrs. C. B. McClure, deceased,
belonging to R. L. McClure, and to restrain you and the
personal representative of said decedent from paying over
same to R. L. McClure, or any one for him, and to restrain
him from disposing of same until further order of the War-
ren circuit court." Copies of these processes were served on
R. L. McClure, and also upon J. C. Sims. R. L. McClure
failed to answer, but on the 6th of October, 1902, James
C. Sims filed an answer, in which he stated that he was
not at the time the order of attachment was served upon
him the personal representative of Mrs. C. B. McClure, but

that he had in his hands $113.25, which belonged to the estate. On the 26th of November, 1903, he filed an additional answer, in which he stated that on the 16th of October, 1902, he had been duly appointed and had qualified as administrator of the estate of Mrs. C. B. McClure, deceased; and that he had in his hands, due to the defendant R. L. McClure from the estate of Mrs. C. B. McClure, $537.12, as shown by his settlement as administrator on the 20th of October, 1902. The appellant, James H. Wilkerson, on the 20th of October, 1902, after J. C. Sims had been appointed and qualified as administrator of Mrs. C. B. McClure, filed his petition in equity in the Warren circuit court against R. L. McClure and J. C. Sims, administrator, to enforce the payment of four promissory notes executed to him by R. L. McClure for $250 each, and at the same time took out a general attachment against the interest of R. L. McClure in the estate of Mrs. C. B. McClure, which was served upon R. L. McClure and Sims as administrator. J. C. Sims filed an answer in the suit of Wilkerson against R. L. McClure similar to that filed in the action of Mrs. Phillips. The cases were consolidated by order of the circuit court, and heard together, and a judgment rendered giving Mrs. Phillips a prior lien upon the interest of R. L. McClure, and Wilkerson has appealed, and asks a reversal of the judgment of the lower court upon the ground that the description of the interest of R. L. McClure in the estate of C. B. McClure sought to be subjected by the appellee Phillips was not described in the petition with sufficient accuracy and certainty as to create *a lis pendens* lien upon the funds sought to be subjected.

As a general proposition, the doctrine of notice by *lis pendens* only extends to equitable suits which involve the title

to land, or which are brought to establish an equitable estate, interest, or right in land, or to enforce a lien. incumbrance, or charge thereon, and does not extend to suits concerning personal property, as there is no necessity for invoking the rule in such litigation under ordinary circumstances.. See Pomeroy's Equity Jurisprudence, sections 635, 636. But this court in a number of opinions has recognized the right of a creditor by petition in equity to subject a known and described equity and holds this remedy is unaffected by sections 439 and 442 of the Civil Code of Practice. In Parsons v. Meyburg, etc., 62 Ky., 207, the court said: "It seems to this court that the provision of the Code regulating proceedings and attachment on bills of discovery and subjection of property after the return of 'No property' on an execution do not apply to a petition in equity for the subjection of an equity known and described, or for enforcing an equitable lien. Any such proceeding *in rem* operates as a lien without a formal attachment. And consequently the pre-existing law authorizing and regulating such proceedings is not inconsistent with the modern law regulating attachments. Wherefore the common law lien of the appellees, who first sued *in rem*, was superior to the subsequent attachment lien of appellants." This case was followed by Murphy, etc. v. Cochran's Trustee, 80 Ky., 239, 3 R., 727, in which it was said: "In an action on a return of 'No property,' where the proceeding is to subject property specifically described, no attachment levy is necessary to give a lien as against the defendant in the action. The lien is an incident to such a proceeding in equity, and independent of the Code. Section 442 of the Code was not intended to interfere with such liens, but to enlarge the power of a court of equity in the subjection of property to the satisfaction of an ascertained debt where a proceeding for discovery is

necessary. In such case a general attachment may be issued, the levy of which will create a lien, or a lien may be created by the service of a summons, with the object of the action indorsed thereon, on the person holding or controlling the defendant's property. In this case the main object of the action being to subject the property in controversy, and it being sufficiently described in order to identification, an equitable lien was created as against the debtor by the filing of the petition and service of summons." It is not necessary that the petition should describe specifically each bond, note, or chose in action in which the estate is invested. The averments of the bill must, however, be so definite that any one on reading it can learn what property was intended to be made the subject of the litigation. In this case the petition plainly recites that the purpose of the suit was to subject the interest of R. L. McClure in the estate of Mrs. C. B. McClure, deceased. What that interest actually was required a settlement of the estate of decedent, and when this was ascertained the equitable lien of appellee attached thereto.

As the judgment of the chancellor is in conformity with this view, it is affirmed.