## Glazebrook v. Glazebrook's Executor et al.

(Decided February 1, 1929.)

W. A. WELLS for appellant.

PENTECOST & DORSEY for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Amelia Klodt, a widow, and George W. Glazebrook, a widower, were married on February 15, 1911. Both had children by their former marriages. Mrs. Klodt owned a small amount of property consisting of a life interest in a house and lot in the city of Henderson and something less than $2,000 in money. She also had an insurance policy on her life for $1,000 in which her two sons by her first marriage were named as beneficiaries. Appellant George W. Glazebrook also owned a small

amount of property consisting of real estate and personalty and he had an insurance policy on his life for $2,500.

By an antenuptial agreement, which was not in writing, Mrs. Klodt and appellant each agreed to renounce the interest in the estate of the other to which he or she would be entitled as the survivor and that each should have control of his or her separate estate. It was also agreed that appellant should be made the beneficiary in the $1,000 insurance policy on the life of Mrs. Klodt and that she should be made the beneficiary of $1,000 of insurance then carried by him on his life. After their marriage the beneficiary clauses of the life insurance policies were changed so as to conform to the oral antenuptial agreement.

Mrs. Glazebrook died in September, 1924. The appellant made the usual proof of death, demanded payment, and received the proceeds of the $1,000 policy on the life of his wife in which he was named as beneficiary. He then filed in the county clerk's office a renunciation of his wife's will. By her will made in 1922 she bequeathed to her husband the proceeds of the policy of insurance in which he was named as beneficiary, and all of her personal estate, the net amount of which was $2,161.30, she bequeathed equally to her four children, two of whom were by her first marriage and two by her last marriage.

The appellee Ohio Valley Banking & Trust Company was named in Mrs. Glazebrook's will as her executor and it qualified as such and also as guardian of her two infant children. Before it discovered that appellant had renounced his wife's will the executor paid to each of the appellees, William D. Klodt and Oscar Klodt, children of the testatrix by her first marriage, one-fourth of the net amount in its hands, and to itself as guardian of Alma Louisa Glazebrook and Mary Magdaline Glazebrook, the infant children of testatrix by her second marriage, the balance of the net amount in its hands. It filed a settlement in the county court, to which appellant filed exceptions.

This suit was then filed in the Henderson circuit court by the executor, in which the antenuptial agreement .was set out and an injunction was sought to prevent George W. Glazebrook from asserting or claiming any interest in the estate of his deceased wife and from further pro· secuting his exceptions to the settlement.

The chancellor adjudged that the antenuptial contract was within the statute of frauds and unenforceable and that appellant was entitled to one-half of the surplus personalty, but that he should not be permitted to repudiate an antenuptial agreement and collect one-half of the surplus personalty of his wife and also keep the proceeds of the insurance policy which passed to him under and by the terms of the antenuptial agreement, and it was adjudged that the $1,000 received by him under the insurance policy should be treated as a part of the estate of Mrs. Glazebrook and charged to appellant in the settlement of her estate. The preponderance of the evidence sustains the chancellor's finding that appellant was made the beneficiary in the policy of insurance on Mrs. Glazebrook's life pursuant to an antenuptial agreement and the change of beneficiary was part of the consideration for the agreement.

A parol contract between parties contemplating marriage, looking to the control of their separate estates, is unenforceable under our statute of frauds, which provides that no action shall be brought to charge any person "upon any agreement made in consideration of marriage except mutual promises to marry." Section 470, subsec. 5, Kentucky Statutes; Mallory's Administrator v. Mallory's Administrator et al., 92 Ky. 316, 17 S. W. 737, 13 Ky. Law Rep. 579. While a contract within the statute of frauds cannot be enforced, a party who has received a part of the consideration will not be permitted to retain the consideration and at the same time rely on the statute in an action on the contract. The statute was enacted to prevent frauds and courts of equity will not permit it to be used to perpetrate fraud. Where a party to a contract, unenforceable by reason of the statute, refuses to go on with the contract after having received a part of the consideration from the other party, the consideration received by him may be recovered on an implied promise to pay. The rule that part performance of an oral contract is sufficient to take the case out of the statute does not prevail in this state; but when the statute is relied on the defendant must restore what he has received under the contract. Waters v. Cline, 121 Ky. 611, 85 S. W. 209, 750, 27 Ky. Law Rep. 479, 586, 123 Am. St. Rep. 215; Rhinehart v. Kelley, 145 Ky. 470, 140 S. W. 653; Boone v. Coe, 153 Ky. 233, 154 S. W. 900, 51 L. R. A. (N. S.) 907; Grainger v. Jenkins, 156 Ky. 257, 160 S. W. 926, L. R. A. 1915E, 404; Grace v. Gholson, 159 Ky. 359, 167 S. W. 420.

The judgment of the chancellor being in accord with the principles herein announced, it is affirmed.