# Hatcher-Powers Shoe Company v. Sparks et al.

(Decided December 12, 1930.)

(As Modified on Denial of Rehearing March 13, 1931.)

WOODS, STEWART, NICKELL & SMOOT for appellant.

JOHN S. FULLERTON for appellees.

OPINION OF THE COURT BY COMMISSIONER DRURY—
Reversing.

This is an action under section 439 of the Civil Code of Practice. The shoe company, in its petition, described with particularity lot No. 19 on Prospect avenue, Ashland, Ky., which W. F. Sparks had, so it alleged, fraudulently conveyed to Goldie Sparks, and which the shoe company sought to subject to the payment of a judgment against W. F. Sparks. It was denied the relief it sought, and the shoe company has appealed.

We shall give here the dates of the happening of certain events of importance in the determination of this controversy: July 5, 1918, this property was conveyed to W. F. Sparks. August 7, 1918, W. F. Sparks married Goldie Sparks. March, 1920, W. F. Sparks subscribed for nine shares of $100 each of the capital stock of the shoe company. July 6, 1922, an attorney for the shoe company notified W. F. Sparks that, if he did not pay the balance ($660) of his subscription for this capital stock, he would be sued thereon. November 25, 1922, W.

F. Sparks conveyed the property described to Goldie Sparks, the consideration therefor being thus expressed in the deed: "In consideration of $1.00 cash in hand paid the receipt whereof is hereby acknowledged and love and affection which the party of the first part has for his wife, the party of the second part." January 18, 1923, W. F. Sparks was sued in the Boyd circuit court by the shoe company, and it recovered a judgment against him for $660, with interest from September 1, 1920. This was similar to suits set out in 212 Ky. 163, 278 S. W. 615. May 5, 1926, execution, issued on that judgment, was placed in the hands of the sheriff of Boyd county, and that officer on June 2, 1926, returned it, "No property found." September 23, 1926, the shoe company filed this suit in equity reciting the foregoing, describing particularly this lot 19, and making Sparks and his wife, the Home & Savings Building Association, and V. V. Adkins defendants, the last two being alleged to have liens on the property. The shoe company, on September 25, 1926, filed in the Boyd county court clerk's office a lis pendens notice, as required by section 2358a-1 Ky. Stats. The alleged lienholders have never answered.

Mr. and Mrs. Sparks answered, traversed the petition, denied the conveyance, to her, was fraudulent, denied that Adkins had a lien on the property, pleaded W. F. Sparks, at the time of the transfer to Goldie Sparks, was solvent, was worth ten or twelve thousand dollars and had ample property subject to execution to pay all his debts, that this property had been conveyed to Goldie Sparks in good faith to carry out an antenuptial agreement made with her by W. F. Sparks, that she did not then know the financial condition of W. F. Sparks, and that she did not then know of the claim of the shoe company.

This promise was oral, and subsection 5 of section 470 of Ky. Statutes makes such promises unenforceable. See Wesley v. Wesley, 181 Ky. 135, 204 S. W. 165; Glazebrook v. Glazebrook, 227 Ky. 628, 13 S. W. (2d) 776. We find no case from this state dealing with this particular question directly, except Floyd v. Martin, 12 Ky. Op. 42, which alone would be sufficient authority to hold this conveyance void, but these are old and rather universal statutes dating back to Elizabeth and beyond, and we find this situation so well discussed in Manning v. Riley, 52

N. J. Eq. 39, 27 A. 810, 812 that we shall quote rather freely from that opinion.

In that case, the debt upon which Manning's judgment was founded arose in 1883. The debtor, John M. Riley, married Margaret A. Riley, August 15, 1878, he deeded her his property on February 14, 1888, pursuant to an antenuptial oral promise fully proven. Mr. and Mrs. Riley had both been previously married, and they arranged for this venture rather calmly and carefully, but here are some very pertinent excerpts from that opinion:

> "Sir John Romilly, M. R., in Warden v. Jones, 23 Beav. 487, 490, held that where a man enters into a parol contract with his intended wife, and nothing follows but the marriage, the marriage cannot be treated as part performance, and that carrying into effect the parol contract after marriage, by a deed, amounts to no more than a voluntary settlement.
>
> . . .
>
> "Now, if an antenuptial parol promise to make a settlement cannot be made the foundation of an action,—and that is the express mandate of the statute,—it follows, necessarily, that such a promise imposes no legal duty on the promisor. By making it, no legal duty is imposed, or obligation incurred; and its breach, consequently, creates no legal liability. Its performance, therefore, is an act of pure grace,—the doing of a favor, and not the doing of a duty,—and so is voluntarary, in the strongest sense of that term. But it has been said that, while such a promise imposes no legal duty, it creates a moral obligation, and that such an obligation should be held to be a sufficient consideration for a postnuptial settlement, and free it from the iputation of fraud, even as against creditors. The answer, however, made by Lord Northington in Spurgeon v. Collier, 1 Eden, 55, 61, and adopted by Lord Cranworth in Warden v. Jones [2 De Gex & J. 76, 82], supra, to this argument, must, I think, be considered conclusive. Lord Northington said: 'If such a parol agreement were to be allowed to give effect to the subsequent settlement, it would be the most dangerous breach of the statute, and a violent blow to Credit, for any man, on the marriage of a relation, might make such promise, of which an execution

never could be compelled against the promisor; and, the moment his circumstances failed, he would execute a settlement pursuant to his promise, and defraud all his creditors.' . . .

"She put her trust in what, under the law, is without the least legal force. This may be the proper subject of regret, but it can have no influence whatever on the judgment of the court. The demands of justice are superior to the claims of affection or benevolence. The law requires a debtor to be just before he is generous; to pay his debts before he attempts to dispose of his property by gift."

To the same effect, see Gagnon v. Baden-Lick Sulphur Springs Co., 56 Ind. App. 407, 105 N. E. 512, 514. "Reade v. Livingston, 3 Johns Ch. (N. Y.) 481, 8 Am. Dec. 520; Deshon v. Wood, 148 Mass. 132, 19 N. E. 1, 1 L. R. A. 518; Keady v. White, 168 Ill. 76, 48 N. E. 314; Kramer v. Kramer, 181 N. Y. 477, 74 N. E. 474; Elliott, Contracts, sec. 1250; 20 Cyc. 158; 27 C. J. 542, sec. 238; Jones v. Henry, 13 Ky. (3 Litt.) 427; Flory v. Houck, 186 Pa. 263, 40 A. 482; Richardson v. Richordson, 148 Ill. 563, 36 N. E. 608, 26 L. R. A. 305; McAnnulty v. McAnnulty, 120 Ill. 26, 11 N. E. 397, 60 Am. Rep. 552; Clow v. Brown, 37 Ind. App. 172, 72 N. E. 534."

It thus being shown that the conveyance from W. F. Sparks to his wife was voluntary when it was made, it comes within the direct inhibition of section 1907 of our Ky. Stats., which makes such a conveyance void as to the grantor's then existing creditors independently of the financial condition of the grantor at the time. Hence the pleading filed by Sparks and his wife, setting out the financial status of the grantor, at the time he conveyed this property to his wife, is of no avail. See Hanson v. Buckner's Ex'r, 34 Ky. (4 Dana) 251, 25 Am. Dec. 401.

The conveyance from Mr. Sparks to his wife is void as to the shoe company. When the shoe company, described this property in its petition, it thereby acquired by a lien upon it. Trabue v. Couners, 84 Ky. 283, 1 S. W. 470, 8 Ky. Law Rep. 288; Parsons v. Meyburg, 1 Duv. 206; Ward v. Robinson, 1 Bush, 294; Murphy v. Cochran, 80 Ky. 239, 3 Ky. Law Rep. 727; Caldwell v. Deposit Bank, 109 Ky. 197, 58 S. W. 589, 22 Ky. Law Rep. 684; Wilkerson v. Phillips, 118 Ky. 559, 81 S. W. 691, 26 Ky.

Law Rep. 440; National Bank v. Johnson, 96 S. W. 433, 29 Ky. Law Rep. 728.

The court will enter a judgment for a sale of this property to satisfy the lien of the shoe company.

The judgment is reversed.