OPINION of the Court, by
Judge Owsley.
Jacob Myers received from Jacob Owings, dec’d. in his lifetime, money to purchase land warrants, and having obtained the warrants in his own name gave his obligation to Owings for the conveyance of 1000 acres of land,, one half of the amount for which the warrants were obtained. After this Owings devised the land to Thomas,. Joshua and Jesse Mummy, and made Samuel Mummy the executor of his will. After the decease of Owings, his executor, in February 1786, applied to Myers in the then district of Kentucky, and obtained from him an obligation qonditioned for the conveyance of the 1QOO acres, to be laid off on any. end, side, corner or edge of a 5000 acre tract then held by Myers on Slate creeks near the Little Indian Fields,, as might best suit said *279 Mummy or his representatives. Some time subsequent to this Myers sold and executed a deed of conveyance to Ralph Morgan, one of the appellees, for 4000 acres, the upper end of the aforesaid 5000 acre tract; and during the pendency of this suit, Morgan sold to Swea-ringen, the other appellee. For the purpose of obtaining a conveyance to the 1000 acre tract, the executor and devisees aforesaid exhibited their bill in equity, alleging notice by the appellees of their claim before they purchased, and alleging an election to take the 1000 acres to include what is now called Morgan’s Station, part of the land purchased by Morgan. The appellees deny notice of the appellants’ claim to any part of the land purchased by Morgan, but contend the appellants have elected to take their land on the lower end of the 5000 acre tract, thereby precluding any right to the land purchased by them.
A p^chafefwiA notice,
The court below on a final hearing made a decree dismissing the appellants’ bill; from which decree they have appealed to this court.
It is-contended for the appellees that C. Owings, with whom Samuel Mummy the executor left Myers’s obligation for the purpose of obtaining a conveyance to the 1000 acres oi land, some time in the year 1786, after the obligation was executed, elected to take the 100® . acres on the lower end of the tract of 5000 acres, which was accordingly laid off to him ; and hence it is urged the appellants’ claim should be confined to that end of the tract, thereby avoiding any interference with the land purchased by Morgan. It is true hád Owings been authorised to elect the part of the tract to be conveyed by Myers, and actually have made his election, the appellees would be bound by it, and prevented from obtaining any land not included in the choice made by their agent; but unless such an agency has been proven in this cause, it is unnecessary to examine into the proof as to the exercise of that authority : for it is clear the appellants’ right cannot be affected by the unauthorised act of Owings. There is no evidence in the cause proving such an authority. The deposition of M’Intire, upon which great reliance was made in. argument to prove an election by Owings, states nothing as to Ow-ings’s right to elect. It is true Owings proves that the obligation was left with him by Samuel Mummy, the *280 executor, for the purpose of receiving a conveyance! but he also states that an election had been made by Samuel Mummy before the oligation was left with him, and the conveyance which he was authorised to receive %as for the land selected by Mummy, and to include the land whereon Morgan’s Station now stands. It is conceived, therefore, that the evidence in relation to an election by Owings, cannot in any way affect the right of the parties in this cause, and consequently a decision on the evidence in relation to such an election is unnecessary. Nor is it conceived important to inquire whether the evidence is sufficiently satisfactory to prove an election by Samuel Mummy, the executor, to take the land in question in satisfaction of Myers’s obligation : for if no other election has been made, the commences ment of this suit is sufficient to authorise a decree fof the land, unless Morgan and Swearingen are purchasers for a valuable consideration without notice. That they ¡ áre not such purchasers, we are of opinion the evi-! dc nee clearly demonstrates. Express notice to Morgan⅛ before his purchase, is proven by the deposition of C. Owings, and other circumstances in the cause rather fortify than impugn this deposition in relation to this point. Swearingen is not such a purchaser as should be protected against a prior equity ; it does not appear he has obtained a conveyance, and besides his purchase was made since the commencement of this suit.
We are of opinion, therefore, the decree of the circuit court is erroneous and must be reversed with costs. ' The cause .remanded to that court for a decree to be entered according to the principles of this opinion.