Opinion of the Court.
THIS was an action brought in the court below by Davis, on a penal bond executed by Hull. &c. conditioned for the faithful performance of Hull’s duties as deputy sheriff appointed by Davis, and to indemnify Davis against all injury, which might arise in consequence of the acts of the deputy. The declaration, after setting forth the bond and condition, charges Hull with having failed to perform the duties of his office of deputy sheriff, and sets out, specifically, the injury which has resulted to Davis in consequence thereof. Hull, together with the other defendants, who were his securities in the bond, craved oyer of the bond and condition, and pleaded, that “ Davis his action ought not to have and maintain ; because, they say, that Davis was duly commissioned and sworn as sheriff of Nelson county, from the — day of — for the term of two years thence following, and that he did, on the day of the date of the bond declared on, *10 sell the deputation of the office of deputy sheriff for Nelson county, to the said Hull, for and during the term of his, the said Davis’, office of sheriff, for the sum of $— ; and the said defendants aver, that the bond aforesaid was executed in consideration of the sale of the said deputation of the office aforesaid to said Hull, and to indemnify the said Davis against any malfeasance, &c. of said Hull, and for the performance of the duties of said office of deputy, under the sale of deputation, and for no other consideration,” &c. To this plea Davis demurred, and the demurrer being joined, the court rendered judgment overruling the demurrer, &c.
A bond given in consideration of the sale of the office of deputy sheriff, is void.
It is immaterial whether the fact appears on the face of the bond or by averment in a plea which is demurred to; the law is the same.
1. The only question for the decision of this court, involves the validity of the defendant’s plea. It requires barely an application of the principle recognized by this court in the case of Love vs. Buckner, &c. 4 Bibb 506, to show that the court was correct in overruling the plaintiff’s demurrer. In that case, a bond containing a condition similar in its import to the condition of the bond on which this suit is founded, but which appeared to have been given by a deputy sheriff to the principal, for the sale of the deputation, was held to be invalid.
2. In that case, it is true, the sale of the deputation appeared by a recital in the condition of the bond; whereas, in the present case, nothing of the kind is to be inferred from any thing contained either in the bond or condition. But it is totally immaterial, as to the effect produced on the bond, whether the sale of deputation appears from the bond itself, or is made to appear by averment in a plea. If it appears from the bond itself the plaintiff would be estopped to deny the fact, and on a demurrer the court, as was decided in that case, would pronounce the bond void ; but if the fact is made to appear by averment, and not from the bond, although the plaintiff may take issue on the fact, yet if, instead of doing so, he demurs to the plea, the fact must be assumed to be true, and the legal consequence is precisely the same as though the fact appeared by recital in the bond. It results, therefore, that the facts alleged in the plea form a valid bar to the plaintiff’s action on the bond, and that the court correctly overruled the demurrer.
The judgment must, consequently, be affirmed with costs.