Kouns
vs
Davis.

---

COVENANT.

*Case 85.*

*April 23.*

The case stated.

# Kouns vs Davis.

ERROR TO THE GREENUP CIRCUIT.

*Sheriffs—principal and deputy. County levy.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

JOHN C. KOUNS having been appointed and duly qualified the Sheriff of *Greenup* county for two years, deputised *Harris W. Thompson*, sold to him the profits of the sheriffalty for the entire term, and took from him a bond with sureties to indemnify himself against all damage that might result to him from the official conduct of the substitute.

On that bond *Kouns* brought this action of covenant for damages, alledging that *Thompson*, as deputy sheriff, had collected the county levy and failed to pay to a county creditor (*Hollingsworth*) a debt of about $400, and had also failed to pay about $175 collected by him on executions, in consequence of which delinquencies *Kouns* himself had been compelled to ·pay the said sums.

The Circuit Judge, to whom the case was submitted for decision, rendered a judgment in favor of the plaintiff for the amount which he had been compelled to pay on the executions, but refused a judgment for the sum paid to *Hollingsworth*, because he was of the opinion that the deputy's surety, who is alone sued, was not responsible for the county levy which the sheriff was not bound to collect unless he had chosen to be the collector and given bond therefor, which he had not done until long after the date of the bond of indemnity.

*Kouns* seeks a reversal of that judgment, and the defendant insists that he was entitled to nothing, because, as argued, the bond is void in consequence of the illegality of the sale of the office to the deputy.

Admitting that the contract of deputation was illegal, and that, therefore, *Kouns* could not have enforced the payment of the price agreed to be given for the office, nevertheless, the official acts of the deputy being valid and binding on the sheriff, there may be a right, both legal and moral, to indemnity for his delinquencies. It seems to us that such a right, as against the delinquent deputy, would have existed without any express contract for securing it.

The bond of a deputy sheriff to his principal, for the faithful performance of the duties of deputy, and to save harmless the principal, is legally & morally binding, though the deputy may, by contract, be entitled to the profits of the office.

But this question has been settled by the constructive operation of a statute of 1820, providing "that *all* bonds "of indemnity hereafter executed by any deputy sheriff "and his sureties, to the principal of such deputy sheriff, "shall be good and valid in law, and *any law* declaring "void such contracts is hereby repealed."

Prior to that enactment, this Court had decided, in the case of *Hull* vs *Davis*, (1 *Litt.* 9,) that such a bond of indemnity as that given in this case by a deputy who had bought his office, was void, because it was subsidiary to

the illegal contract of sale, and therefore, should be deemed inconsistent with public policy and repugnant to the principles of the common law. That rule of law, thus established, was deemed questionable in principle and unjust and unreasonable in its operation; and, therefore, the statute of 1820 was enacted for abolishing "*any law*" declaring void such contracts, and also for legalizing a sheriff's right to indemnity, *in all cases*, from the illegal or negligent acts of his deputy, *however appointed.* There could have been no other motive for that enactment; and unless thus construed, it can have no available operation. It has, therefore, been so interpreted and applied by this Court: *Baldwin* vs *Bridges,* (2 *J. J. Marsh,* 7;) *Combs* vs *Brashears,* (6 *Ib.* 633.)

By an act of 1799, it was made the official duty of sheriffs to collect the county levies. But still, as decided in *Patton* vs *Lair,* (4 *J. J. Marsh.* 249,) if a sheriff refused to execute bond for the collection of the county levy, the county court had authority, under an act of 1797, to appoint some other person "collector."

It is evident, therefore, that as *Kouns* did not choose to decline the official duty of collecting the county levy, and executed bond according to law, the actual collection was incident to his office of sheriff, and was made, by his substitute, in his character of deputy sheriff; and consequently, the condition of the bond of indemnity, embracing as it does, all *Thompson's* acts and omissions as deputy sheriff, must apply to his collection and non-payment of the levy. He derived his right to collect it from the contract whereby he obtained the office of deputy sheriff, and would have had no such right if *Kouns* had been charged with the collection in any other character than that of sheriff.

*The collection of the county levy is an incident to the office of sheriff, and when the principal executes bond for its collection, the deputy who collects it as such, is responsible to his principal for its legal appropriation.*

And the sureties in the bond of indemnity must be presumed to have looked to all the prospective duties of sheriff as devolved by law—whether the devolution was certain at the date of the bond or only contingent. They certainly became responsible for all their principal's conduct as deputy sheriff; and, *as deputy sheriff,* he collected the county levy; *as deputy sheriff,* it was his duty to pay it to the county creditors; and, therefore, *as sheriff,*

*Kouns* was held liable for his deputy's failure to pay *Hollingsworth*.

We are, therefore, of the opinion that *Kouns* is entitled to a judgment for the amount paid by him to *Hollingsworth*.

Wherefore, the judgment is reversed and the cause remanded.

*Apperson* for plaintiff; *Beatty* for defendant.