CASE 26—PETITION ORDINARY—SEPTEMBER 29.

# Price vs. Caperton.

APPEAL FROM CLARKE CIRCUIT COURT.

1. The employment of counsel to assist the official attorney in a criminal prosecution, is not inconsistent with public policy, and the law will enforce a promise by the employer, whether express or implied, to pay such counsel reasonable compensation; a contract for a contingent fee, dependent on conviction, ought not to be enforced.

2. Where the assignor of a debt is not liable on the assignment, and, moreover, is released from "all responsibility in every way," he is a competent witness for the assignee.

3. See the opinion for the facts showing that an examiner properly adjourned the taking of a deposition to another time and place, on account of the inability of the witness to attend at the examiner's office. (*Code, sec.* 635.)

SIMPSON & SCOTT, for appellant, cited *Civ. Code, sec.* 614.

J. W. CAPERTON for appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

James W. Caperton, as assignee of his father, William H. Caperton, sued James Price on an account chiefly for professional services as an auxiliary prosecuting attorney employed by Price on two indictments against J. P. Gay, one for the murder of Price's son, and the other for shooting Price himself.

He made his father a co-defendant, and, on an issue formed on the petition and answer, he obtained, on that account and some other smaller ones also assigned, a verdict and judgment for $330 89.

The appellant makes several objections to the judgment—all of which are suggested in the bill of exceptions to the order overruling a motion for a new trial, and will be numerically noticed.

1. The appellant moved the court to instruct the jury that the employment of counsel to assist the official attorney in a criminal prosecution, is inconsistent with public policy, and that, therefore, the law will not imply a promise by the employer to pay for such service. The court overruled the motion, and of this Price's counsel complains as error.

Such a contract, express or implied, though quite common, has never, so far as we know, been adjudged void as against public policy. And why it should be so considered we are not able to perceive. It may be possible that some such employed counsel may make improper efforts to convict, regardless of the guilt or innocence of the accused. But there is scarcely as much danger that such prostitution will convict the innocent, as there is that the like abuses of forensic privilege, by counsel for the accused, may acquit the guilty. On each side all the counsel are under the control of the presiding judge, who should keep all equally in their proper track; and the aid to the official attorney may also be controlled, as he always should be, by him. In many cases of atrocious crime an array of able counsel in the defense may require, for justice to the Commonwealth, some assistance to her official representative in the prosecution; and, in such a case, it would certainly be the privilege, and might even be the civic duty, of a patriotic lawyer to aid his country in bringing to condign punishment its public enemy. A contingent fee dependent on conviction ought never to be permitted to stimulate assistant counsel; and, so far, it might be the policy of the law to withhold its remedies for enforcing such a contract. But we cannot see any consistent reason for denouncing the mere employment or withholding a reasonable compensation, either conventional

Price vs. Caperton.

or implied. Consequently, in our opinion, the instruction was properly refused.

2. The appellant objected to the deposition of William H. Caperton taken *de bene esse*, and complains that it was improperly read on the trial. This objection we cannot sustain. The record shows that Caperton was dead before the trial; that he was not liable on his assignment of his "interest" merely, and, moreover, had been released from "all responsibility *in every way*," on account of "the debt" he had transferred on the appellant. The witness was physically unable to attend, according to the notice, at the examiner's office, up stairs in the court-house; the examiner, therefore, adjourned to another place more convenient, and posted, forthwith, on the front door of his office, a notice that the deposition would be taken the next day at the substituted place, when and where it was accordingly taken, and these facts certified by the examiner. He also certified the affidavit of the appellee verifying the fact of his father's inability, from "infirmity," to attend at the place appointed by the notice to the appellant. This was, in our opinion, all that the 635th section of the Civil Code requires in such a case; as in analogous cases, and for the like reasons, an affidavit by the party as to the witness's inability may be sufficient. But the deposition itself also proves the inability, and that alone was a sufficient affidavit of the fact.

3. The assignment of *all his property* by W. H. Caperton to the appellee having been recorded, a copy certified by the recording clerk was offered as evidence, and, though objected to, was read on the trial. If it be a paper which the law did not require the clerk to record, his registration of it was not official, and his certificate, therefore, was not evidence. But, on its face, we could not say that its registration was unofficial; and, besides, the deposition itself proved it. In such a case we would not reverse the judgment for such a slight and questionable cause. Nor does the record allow us to say that the verdict was not authorized by both law and evidence.

Wherefore, the judgment is affirmed.