JUDGE ELLIOTT
delivered the opinion of the court.
This suit was brought by appellant in equity to enforce the payment by the appellee, the turnpike company, of a judgment at law obtained against it.
Many years ago the Germantown & Hamilton Crossroads Turnpike Company undertook to build a turnpike road in Bracken County. Its officers found that it would take $3,000 in addition to the sum subscribed to complete the turnpike, and they called á meeting and proposed to the farmers supposed to be benefited by the completion of the road, that if they would raise the $3,000, the company would issue to each creditor a certificate, showing the amount he loaned to the company, and the same was to be returned to him with ten per cent interest.
*390 Under this arrangement the money was raised and the road completed. Appellant’s intestate loaned to the company $250 under this arrangement in 1852, and at the same time the appellees, except the turnpike company, loaned the company the sums of money which they set up in this action.
The appellant obtained a judgment at law for the sum due to the estate of his intestate, and an execution, which issued for the same, was returned no property found, and he brought this suit to have appropriated the profits of the road to the payment of his judgment. The other creditors of the same turnpike company whose loans were made to it at the same time with appellant’s intestate filed their petition to be made parties, and set Up their claims by permission of the lower court, and against appellant’s objection. The 'claims set up by these creditors were not denied by the company.
The court, on the submission of the cause, rendered a judgment in favor of these creditors as well as appellant, and •having placed the road in the hands of its receiver, directed that the profits of the road should be appropriated pari passu among all the creditors.
From this judgment appellant appeals, and says he alone is entitled to the equitable relief adjudged because he alone had obtained a judgment at law, and had a return of no property found against the turnpike road company.
We apprehend that in a case of this kind such a suit and such a return were not necessary.
The turnpike road company had no property but its road and such incidental property rights in toll - gates, rock - quarries, etc., as would enable it to properly control the road and keep it in repair. We doubt therefore whether in such a case as this a judgment and return of no property was necessary to the right of the creditor to appropriate the profits of the road to the payment of his debt. The court below placed the road in the hands of its receiver, and adjudged that the *391 profits thereof should be divided pari passu among all the creditors who asserted claims in this litigation.
The appellant had brought his suit for the specific purpose of appropriating the profits of the company’s road to the payment of his debt, and had his summons executed on the company some time before the other creditors filed their petitions to be made parties to the litigation, and it is contended that by his suit describing the property he sought to appropriate to the. payment of his debt, the appellant obtained a lien, which, being prior in time to that of the other creditors, should be first enforced.
This court in Parsons v. Meyburg, 1 Duvall, 206, decided that a suit in equity for the subjection of a known and described equity or to enforce an equitable lien, created a lien without attachment or a return of nulla bona, for the court say, “Any such proceeding in rem operates as a lien without a formal attachment.” And in that case it was ruled that the common - law lien of the parties “ who first sued in rem was superior to the subsequent attachment-lien ”• of their antagonists in that litigation.
In the case of Ward’s adm’r v. Robinson, &c., 1 Bush, 295, Robinson and others obtained a judgment and return of no property against B. N. Shropshire, and filed their petition in equity, in which they charged that Shropshire had a vendible interest in a certain tract of fifty acres of land, which they describe in a contest between Robinson, &c. and Ward’s administrator. This court decided “ That the lis pendens in the case of Robinson, &c., being specifically in rem, operated as a lien on the fifty acres of land, could not be consistently doubted, and is settled in the case of Parsons v. Meyburg, 1 Duv. 206.”
In Tilford, &c. v. Burnam, &c., Tilford and Anderson, on a return of no property found, brought a suit to set aside a fraudulent conveyance of-a specified and described tract of *392 land, and this court in that suit held that “ when Tilford and Anderson brought their suit in rem, the lis pendens was an equitable levy and entitled them to priority.”
These are only a few of the many cases in which it has been decided by this court that where a party has a clear equitable right to appropriate property of his debtor, and the thing itself is sought to be subjected and is properly described, his proceeding in rem creates a 'lien upon the property from the time of its institution.
As therefore appellant brought his suit and sought to subject the turnpike road company’s road to the payment of his debt, and asked that the profits thereof should be so appropriated, his proceeding in rem and lis pendens amounted, as some of the law-writers say, to an equitable levy, and others to a lien which has priority over after-acquired liens or equities in the same property or fund.
We are therefore of the opinion that the lien of the other judgment creditors of this turnpike company, on the profits of the road, are subordinate to that of appellant, and that he is entitled to have his debt first paid out of such fund.
Wherefore the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.