JAMES A. GREER *v.* P. A. HOWARD ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—350.]

**Priority of Lien of Mortgage and One of Levy on Execution.**

> The lien of a levy on execution where made and returned, and notes of such return are shown on the records, is prior to the lien of a mortgage executed after levy made.

**Rights of Purchaser of Land at Sheriff's Sale on Levy Issued on Execution.**

> The purchaser of land at sheriff's sale on levy and execution in order to obtain a good title is not required to furnish other evidence than such as is shown by an execution levy and return filed in the proper office followed by a regular and fair sale. He is not responsible for the loss of the execution by which the holder of a subsequent mortgage lien claims to have been deprived of notice of the levy and consequent lien. He has a right to rely on the preservation of the records by their proper custodian and their loss or destruction will not affect his rights thereunder.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 17, 1882.

OPINION BY JUDGE HARGIS:

Several executions were issued against P. A. Howard and others. They were levied and returned and on the 2d day of May, 1874, a venditioni exponas was issued directing the sheriff to sell the land

in controversy. While the writ was being executed by the sheriff, he having made several ineffectual attempts to sell the land because of the want of bidders, the appellant, Greer, loaned Howard $5,000 and took a mortgage on the land levied on to secure its payment. The mortgage was executed on the 8th and recorded and acknowledged on the 9th of July, 1874. On the 17th of August, 1874, the sheriff sold the land under the executions and the appellee, Trimble, became the purchaser at the price of $2,870.25, which he paid to the sheriff. December 11, 1875, a sheriff's deed was made to Trimble, but it was not acknowledged by the sheriff until July 29, 1878, and it was recorded July 31, 1878.

This appeal presents the question of priority between the mortgagee and execution purchaser. All of the executions and levies are lost except one on which a levy is specifically indorsed as to one tract of land followed by a general statement as to other tracts including the land in controversy. That tract is referred to as follows: "Also levied on about 240 acres of land on Slate Creek adjoining the lands of James Howard, James Fortner and James Phelps." The appellant insists that there is no levy sufficient to create a lien on the land superior to his lien under his mortgage, and the argument to sustain that position is based upon the uncertainty of the levy as quoted. But the sheriff testifies that he levied the lost executions on the land and returned them to the proper clerk's office; that he made the sale under the venditioni exponas which seems to have been regular and fairly made. The clerk testifies to the verity of the entry in the execution book which shows a full description of the lost executions with the statement under the head "return," "See execution for return." The appointment of appraisers and their appraisement of the 240 acres of land in two parcels, one of 25 acres as the homestead of P. A. Howard, and the other of 215 acres, balance of the tract, shows that it was levied on by the sheriff under one execution. These facts show satisfactorily that the last executions were levied on the land in controversy, and aid us greatly in determining the terms of the levy.

The levy that is preserved shows with reasonable certainty, when considered in connection with the facts recited, that the levy referred to in it as having been made on the land in controversy was made under the lost execution also. The minutes of the clerk under the head "Return" indicate that the return was too long to be

inserted in the small space for returns on the execution book, and that a return was actually indorsed on the lost executions which the clerk testifies were filed in his office. The lost executions on which the levy was indorsed were not taken out of the office by the sheriff after May 2, 1874, as on that day a venditioni exponas issued under which he subsequently acted in making the sale.

In support of the view that the sheriff actually levied and entered the levy on the lost executions, exists the presumption of law in favor of sheriffs and other public officers having done their duty. While it is the duty of the sheriff to indorse the levy on the execution and sign it at the time it is made, yet the levy may be proved by parol evidence, especially where it is not inconsistent with the return, and thus establish the fact of the levy which the law presumes the sheriff entered on the execution as that was his duty. The presumption of law here referred to is not intended to be carried so far as to establish the indorsement of the levy without regard to the proof in the case. It would not of itself be sufficient to uphold a lien under an execution as against a lien of record; but it is potent in a case like this where the facts and partial record evidence tend so strongly to prove the indorsement of a levy in accordance with the requirements of law.

At the time the executions were issued and levied on the land no law existed requiring the return of levies on land to be recorded as is the case now. The appellee, Trimble, in order to obtain a good title under his purchase, is not required to furnish other evidence than may be shown by an execution levy and return filed in the proper office and followed by a regular and fair sale. Nor is he responsible for the loss of the executions by which appellant claims to have been deprived of notice of the levy and consequent lien, as he as well as the mortgagee has a right to rely on the preservation of the records by their proper custodian and if they become lost or destroyed that his rights will not be affected thereby.

Had the appellant examined the execution book he would have seen that executions which bound all of Howard's property in the county had been issued and returned levied; and had he gone further and examined the remaining return he would have had notice that the identical land mortgaged to him had been "also levied on"; and it does not appear that any of the executions or returns of the levy were lost at the time appellant accepted the mortgage.

The failure of the sheriff to acknowledge the deed sooner than

he did could not have prejudiced the appellant who accepted the mortgage after the levy and before the sale. And under the circumstances of this case, coupled with the fact that Trimble was giving Mrs. Howard an opportunity to redeem her husband's land and for that reason postponed perfecting his deed by the sheriff's acknowledgment, we do not think the delay in having the deed acknowledged and recorded sufficient to operate as a waiver of his lien.

Wherefore the judgment is *affirmed*.

*R. D. Handy, Peters & Brock, for appellant.*

*W. H. Holt, for appellees.*