CASE 8—ACTION TO ENFORCE MORTGAGE LIEN—FEB. 20.

# Taylor v. U. S. Bldg. & Loan Assn's Assignee.

### APPEAL FROM OWEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT—A. P. TAYLOR APPEALS.—
REVERSED.

LIS PENDENS—PURCHASE PENDING ACTION TO ENFORCE VENDOR'S LIEN
—FAILURE OF DEED TO SHOW UNPAID PURCHASE MONEY.

Held:   One who took a mortgage on land pending an action to en-
force a vendor's lien thereon was a *lis pendens* purchaser, and
therefore bound by a judgment rendered in that action enforc-
ing the lien, though the deed to the mortgagor did not show that
the purchase money was unpaid, and therefore but for the pend-
ing action the mortgagee would not have been affected by the
lien which existed as between the parties to the deed.

N. A. LEE AND B. M. LEE, ATTORNEYS FOR APPELLANT.

There seems to be two questions in this case:
      *First.*   Whether the suit of the Deposit Building & Loan As-
sociation against Doty, &c., in the Fayette Circuit Court, wherein
Taylor was made a party and sought to have his lien enforced
on the Owen county land, constituted a *lis pendens* as to that
land, so that the court's judgment rendered in that case would
bind the defendant, Doty, and his vendors.

Taylor v. U. S. Bldg. & Loan Assn's Assignee.

*Second.* Whether the U. S. Building & Loan Association was affected by the knowledge of Settle, that Taylor was asserting his claim against that land.

*Notice is not an element of lis pendens, and a pendente lite purchaser need not be made a party to the suit.*

The judgment in the Fayette Circuit Court on the cross-petition of A. P. Taylor v. Geo. W. Doty and wife, was conclusive of the right of Doty and his mortgagee, although the land lay in a different county from that in which the judgment was rendered.

## AUTHORITIES CITED.

The suit in the Fayette Circuit Court of Deposit Building & Loan Association v. Doty, &c., was a valid *lis pendens.* 14 B. Monroe, 134; 1 Bush., 295 and 427; 14 Bush., 389; 86 Ky., 240; 13 Rep., 51; 91 Ky., 321.

A purchaser, *pendente lite,* is always treated as one with notice. 3 Bibb, 278; 86 Ky., 246. Plaintiff did not acquire the *legal title,* but only an equity, and can not plead "Innocent for value, &c.," as against prior equities, even, if appellant had not procured legal title. 1 Duvall, 206 and 116; 4 B. M., 464; 81 Ky., 282; 4 Rep., 349. As there was no statute authorizing appellant to record his lien in Owen county, as set up in his suit in the Fayette Circuit Court, he did all that the law then required, and should be protected. Poor v. Hudson, 4 Rep., 349.

D. W. LINDSAY, Attorney for appellee.

In the case at bar, since the appellant Taylor in the deed he made to the Dotys, failed to state the portion of the consideration unpaid, he waived his lien as to the appellee's assignor, who in good faith, became the creditor of the Dotys, by loaning them the money and taking the mortgage on the one hundred acres of land as security; and the protection which the statute assured to it by reason of the failure to give *that particular notice,* and which the statute declared it should have the right to rely on, can not be removed or dissipated because appellant had his suit to enforce his secret lien, pending in another county of the pendency of which, appellee's assignor had no knowledge, or notice, at the time the loan was made. Ky. St., sec. 495, 496, 2358; Civil Code, sec. 62, sub-sec. 3; Chapman v. Stockwell, 18 B. Monroe, 650; Tate v. Hawkins, 81 Ky., 582; Blevins v. Blankenship, 9 Ky. Law Rep., 851; Stevens v. Arnold's Exor., 15 Ky. Law Rep., 561.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

In 1893, the appellant, Taylor, entered into a contract in writing with G. W. Doty, by which the latter traded to appellant three lots in Lexington and some other property, in consideration of 100 acres of land in Owen county and some other property.    It is claimed that the contract was signed by both parties, and the possession exchanged, and each party agreed to make to the other a deed of general warranty.    The appellant and wife, by deed in May, 1893, acknowledged, delivered, and lodged for record in the county of Owen in June, 1893, conveyed said 100 acres of land to Doty and wife.    The consideration expressed in the deed, after the ordinary recitals, is "that said parties of the first part, for and in consideration of the conveyance by parties of the second part to A. P. Taylor, party of the first part, said real estate being situated in the city of Lexington, Ky., do hereby sell and convey to the parties of the second part, and their heirs and assigns, the following described property, to-wit."    Then follows the description of the land situated in Owen county.    It further appears that the Deposit Building and Loan Association brought suit against G. W. Doty and Annie M. Doty and William Hardin and Winnie Hardin in the Fayette Circuit Court some time prior to March 19, 1894, seeking to enforce a lien upon one of the lots alleged to have been sold to appellant as part consideration for the conveyance of the tract of land in contest, and to that suit the appellant became a party and resisted the relief sought; and also, in the event that he could not obtain title to the property in question, that he be adjudged a lien on the land conveyed by him to Doty for the value of said lot, and made his answer a cross petition against Doty and wife, and caused summons to be issued against them, which seems to have

been executed upon them April 10, 1894. The Fayette Circuit Court finally adjudged that the deed from Hardin to Doty was executed for the sole purpose of enabling Doty to borrow from the plaintiff in that case, and was to operate only as a mortgage to secure Doty, and, upon the payment by Hardin of the sum due, the deed from Hardin to Doty shall be null and void, and the title vest absolutely in said Hardin. The court also rendered a judgment in favor of appellant against George W. Doty for the sum of $391, and adjudged to him a lien on the land in contest for the same, and adjudged that the same be sold; and it appears that the land was sold on the 27th of April, 1896, in Owen county, in obedience to the judgment which was rendered October, 1895. The sale was duly reported to the Fayette Circuit Court, and the same excepted to by said Doty, which exceptions were overruled, and sale confirmed, and writ of possession issued, and ,we presume, conveyance made. It further appears that on 17th of June, 1895, the appellee in this case loaned to the said George W. Doty and Annie Doty the sum of $600, and to secure the payment of which the said Dotys executed to appellee a mortgage upon the land in contest, and, the Dotys having made a default as to the payments, the appellee instituted a suit in the Owen Circuit Court, seeking a sale of the land aforesaid, and, finally, the appellant was also made a party thereto. Some defense was made by the Dotys, but, no appeal having been taken herein, we need not consider their defense. The appellant, Taylor, made defense, and pleaded and relied upon the fact of his pending suit, and its due prosecution and successful termination, hereinbefore referred to, as constituting a *lis pendens*, and therefore a complete defense. He also alleged that the attorney for the appellee who made

out the abstract of Doty's title, and represented the appellee in effecting the loan, had actual notice of the pendency of appellant's aforesaid suit, which notice was denied by appellee. After the issues were made up and some proof taken, the court adjudged in favor of the appellee, and directed a sale of the land in contest in satisfaction of appellee's debt, and from that judgment this appeal is prosecuted.

Appellee relies upon the following sections of the Kentucky Statutes, and also section 62 of the Civil Code of Practice:

"Sec. 495. All deeds and mortgages and other instruments of writing which are required by law to be recorded, to be effectual against purchasers without notice, or creditors, shall be recorded in the clerk's office of the county in which the property conveyed, or the greater part thereof, shall be.

"Sec. 496. No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed shall be acknowledged or proved according to law, and lodged for record." .

"Sec. 2358. When any real estate shall be conveyed, and the consideration, or any part thereof, remains unpaid, the grantor shall not have a lien for the same against *bona fide* creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid."

Section 62, Civil Code Practice: "Actions must be brought in the county in which the subject of the action or some part thereof is situated: . . . Subsection 3: For the sale of real property under title 10, chapter 14, or under a mortgage, lien or other incumbrance or charge, ex-

cept for debts of a decedent." Appellee also cites Chap-
man v. Stockwell, 18 B. Mon., 650, to the effect that the
purchaser has no lien for purchase money unpaid against a
purchaser of the vendee, unless it be expressly stated in
the deed what part of the purchase money remains unpaid,
and the fact that the purchaser has actual notice that a
balance remains unpaid will not affect his purchase.

It is, however, conceded by appellee that this court in
Blevins v. Blankenship (Ky.), 7 S. W., 175, held that, as be-
tween vendor and vendee, the vendor is entitled to a lien
for unpaid purchase money, although the conveyance gives
no notice that any part of the purchase money remains un-
paid. We have also examined the cases of Stevens v. Ar-
nold's Ex'r (Ky.) 24 S. W. 617, and Tate v. Hawkins, 81 Ky.,
582.

It is the contention of appellant that neither the statute,
Code, nor decisions referred to have any application to the
case at bar, but it must be determined by the law of *lis
pendens*, which law or doctrine is well settled, and in no
wise affected by the statutes or decisions relied on by the
appellee. This doctrine is founded upon public necessity,
and has existed and been enforced from the earlier days
of the English law up to and after proceedings in the case
at bar were instituted and perfected. In the case of Bish-
op of Winchester v. Paine, decided in 11 Ves., 194, in 1805-
06 (an English case), the master of the rolls, after discuss-
ing the binding effect of the *lis pendens* says: "The rule
may sometimes operate with hardship upon those who pur-
chase without actual notice; yet general convenience re-
quires its adoption, and a mortgage taken *pendente lite* can
not be exempted from its operation." In the case of Til-
ton v. Cofield, 93 U. S., 163, (23 L. Ed., 858), the court dis-
cussed and considered the effect of a *lis pendens*. It is said

in the syllabus: "A purchaser of property *pendente lite* is as conclusively bound by the results of the litigation as if he had from the outset been a party thereto." In this case some question was made by the subsequent purchasers because the plaintiff had been allowed to amend the grounds of his attachment. The court in the opinion said: "There is another objection to the cause of appellee, which must not be overlooked. They are not subsequent attaching creditors, nor creditors at all; they are purchasers *lite pendente*. The law is that he who intermeddles with property in litigation does it at his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party to it from the outset." In Newman v. Chapman (a Virginia case) 2 Rand. 93, it is said in the syllabus: "The doctrine of *lis pendens* does not rest upon the presumption of notice, but upon the reasons of public policy, and, in cases in which it operates, applies where there is no possibility that the party should have notice of the pendency of the suit." In the case of McIl-wrath v. Hollander, 73 Mo., 114, the court, in considering the effects of a *lis pendens*, said: "As the conveyance *pendente lite* was subject to any judgment which might be lawfully rendered in the case of Tingley against Cowgill, by consent or otherwise, the only question remaining for determination is whether the judgment which was rendered is a nullity; for even if the parties to the judgment could complain of it, and it could on appeal or writ of error be held to be erroneous, yet, as it stands unreversed and unappealed from, it is, if not a nullity, conclusive of the rights of the parties thereto and their privies, and the execution sale made in pursuance thereof must be held to be valid and binding in the present proceeding." In the case of Owing's Ex'r v. Myers, 3 Bibb, 279, the syllabus reads: "A pur-

Taylor v. U. S. Bldg. & Loan Assn's Assignee.

chaser *pendente lite* is a purchaser with notice." It is further said in the opinion discussing the questions involved: "Swearingen is not such a purchaser as should be protected against a prior equity. It does not appear he has obtained a conveyance, and, besides, his purchase was made since the commencement of this suit." In Hewitt v. Sturdevant, 4 B. Mon., 464, it is said: "A junior equity, combined with the legal title, without notice of a senior equity, will be protected against the senior equity, but the senior equity always prevails against a junior, with or without notice. The senior may as well complain of the want of notice of the junior as the junior can complain of a want of notice of the senior." In Parsons v. Meyburg, 1 Duv., 207, it is said: "It seems to this court that the provisions of the Code regulating proceedings and attachments, and subjecting of property after returned 'No property' on an execution, do not apply to a petition in equity for the subjection of an equity known and described, or for enforcing an equitable lien. Any such proceeding *in rem* operates as a lien without a formal attachment. And consequently the pre-existing law authorizing and regulating such proceedings is not inconsistent with the modern law regulating attachments. Nor is it repealed or modified by the eight hundred and seventy-fifth section of the Civil Code of Practice. Wherefore the common-law lien of the appellees, who first sued *in rem*, was superior to the subsequent attachment lien of the appellants." In Wickliffe's Ex'r v. Breckinridge's Heirs, 1 Bush, 427, it is said: "The purchaser of land while the suit is pending to enforce a lien upon it in a court having jurisdiction held to be a *pendente lite* purchaser, although the land was situated in another county." It is further said: "When the suit is in whole or in part in the nature of a proceeding *in rem* to recover or

subject any specific property, a sale of the subject of the litigation pending the suit will not change the rights of the parties to the suit, or the power of the court over the subject of the action. It is not necessary to make such purchaser a party to the suit; he takes the property *cum onere*. Thoms v. Southard, 2 Dana, 480." In Gibbons v. Railroad Co., 14 Bush, 389, in the syllabus it is said: "The first creditor suing and creating a lien on the fund sought to be subjected is entitled to a preference over other creditors who are subsequently made parties to the same action, and to have his debt first paid out of such fund." "Where the plaintiff has a clear equitable right to appropriate the property of his debtor, and the thing itself is sought to be subjected, and is properly described in his petition, his proceeding *in rem* creates a lien upon the property from the time of the institution of the suit." In Clarkson v. Barnett's Heirs, 14 B. Mon., 164, quoting from the syllabus, it is said: "A *lis pendens* purchaser of land must abide the decision of the suit, and the chancellor will compel him to give the possession to the successful party." It was held in Poor v. Hudson, 4 Ky. Law Rep., 350, that where land was sold in one county under an execution issued from another county prior to the act of 1878, which required such execution to be recorded in the county where the land is situated, a subsequent purchaser from the execution debtor could not be regarded as an innocent purchaser. In Leavell v. Poor (Ky.), 15 S. W., 858, it is in substance held that, to create a *lis pendens*, the property must be of a character subject to the lien, and must be in the grasp of the court in the pending suit, and the court must have jurisdiction of the person and property, and the property must be sufficiently described in the pleadings. In Kellar v. Stanley, 86 Ky., 240, (5 S. W., 477), it is stated in the syllabus that

"purchaser *pendente lite* is always treated as a purchaser with notice, and is therefore not a purchaser in good faith." See Owing's Ex'r v. Myers, 3 Bibb, 278.

It will be seen from the foregoing that the appellant was, and had been for more than a year, in good faith prosecuting a suit against Doty seeking the enforcement of an alleged lien upon the land in contest before the execution of the mortgage from Doty to the appellee. That suit was prosecuted to judgment, and a sale of the land adjudged to satisfy the lien of appellant thereon as against Doty, which judgment was affirmed by this court, as reported in 46 S. W., 219, (43 L. R. A., 551). The fact, if fact it is, that the deed from Taylor to Doty showed that the purchase price was fully paid for, or the lack of actual notice to the appellee of any claim, does not at all affect the right of the appellant. In other words, the party who has a suit pending to enforce a right which he prosecutes with due diligence to success has complete protection against any and all purchasers who purchased or acquired liens during the pendency of his suit. Some authorities recognize this rule to be harsh and sometimes oppressive. But, in the absence of statutory provisions, it is held to be inexorable, for the reason that public policy and the due administration of the law and judgments of courts require it. The Legislatures of several States, including our own, have deemed it proper to enact laws which restrict or modify the former doctrine of *lis pendens.* By an act of the Legislature approved March 17, 1896, the harshness of the rule heretofore adhered to is materially modified, but this act can in no wise affect this litigation, for the reason that the *lis pendens* was created, and a mortgage taken, long before the enactment of the statute herein referred to. For the reasons indicated, the judgment appealed from is

reversed, and cause remanded, with direction to the court below to dismiss the petition of the appellee, so far as it seeks to enforce or assert any lien upon the land in controversy herein, and to adjudge that the appellant's title to the same is paramount to any claim of the appellee, and for proceedings consistent herewith.