## Commonwealth, on Relation, et al. v. Sheeran.

(Decided November 14, 1911.)

### Appeal from Breckinridge Circuit Court.

Office—Deputation—Sale of—Provision of Statutes—Section 3740.— An agreement by a candidate for sheriff before a party convention to appoint one of his opponents to a deputyship at a fixed salary in consideration of the latter's withdrawal from the contest and assisting him in securing the nomination and election, is not a sale of the office of sheriff, or a deputation thereof within the meaning of section 3740, Kentucky Statutes.

MURRAY & MURRAY, GUS. BROWN, J. R. LAYMAN for appellant.

CLAUDE MERCER, N. McMERCER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, Dennis Sheeran, was elected sheriff of Breckinridge County at the general election held in No-

vember, 1909. He subsequently qualified and is now the acting sheriff of that county.

This proceeding was brought by the Commonwealth of Kentucky, on relation of its attorney for the Ninth Judicial District, for the purpose of ousting appellee from his office for an alleged violation of section 3740 of the Kentucky Statutes prohibiting the sale or letting to farm of any office of trust or honor under the Commonwealth, or deputation thereof, in whole or in part, upon penalty of ouster.

It is averred in the petition that, when appellee was elected sheriff, he was elected as the candidate of the Republican party, and received his nomination at a convention held by that party. Prior to the convention one Gabe Taul, who was eligible to hold the office of sheriff, was a candidate for the nomination at the hands of the Republican party. A short time prior to the holding of the convention of said party in the county of Breckinridge for the purpose of nominating candidates for county offices, including the office of sheriff, the appellee solicited the said Gabe Taul to withdraw from the race before the convention for said nomination and not oppose him. The appellee and said Taul then entered into a contract and bargain whereby it was agreed and contracted between them that the said Taul would withdraw from said race for said nomination and would not further oppose appellee, but would use his influence and efforts to secure appellee's nomination by the Republican convention for the office of sheriff, and would also use his influence and efforts to secure the election of appellee to said office at the regular election. In consideration of said Taul's withdrawing from said contest, and of his influence and efforts to secure the nomination and election of appellee as sheriff, appellee agreed and contracted with said Taul that when elected and qualified as sheriff he would appoint said Taul as a deputy sheriff of the county of Breckinridge for a period of one year, and that said Taul was to have the right and privilege of holding said deputyship for the whole period of appellee's term of office as sheriff, and that he would pay to said Taul the sum of $40 per month for the first year of his deputyship and such sum as might be further agreed upon for the remaining three years. In pursuance of said agreement and bargain said Taul withdrew from the race and did use his influence to secure the nomination and election of appellee, and the latter did, after his

election and qualification as sheriff, appoint said Taul a deputy sheriff of Breckinridge County, and said Taul qualified as said deputy and held said deputyship for a time thereafter. The petition further avers and charges that the appellee did sell and let to farm a deputation of the office of sheriff of Breckinridge County; that at the time said contract with said Taul was made the appellee expected to hold the office of sheriff, and, when he fulfilled said contract by appointing said Taul as deputy, he did hold said office. The petition concludes with a prayer asking that appellee be adjudged to have forfeited the office of sheriff and his right to hold the same, and that he be expelled from said office.

To this petition the appellee interposed a demurrer, which was sustained. The Commonwealth having declined to plead further, the petition was dismissed. From that judgment this appeal is prosecuted.

Section 3740, of the Kentucky Statutes, is as follows:

"No office or post of profit, trust or honor under this Commonwealth, whether civil or military, legislative, executive, ministerial or judicial, nor the deputation thereof, in whole or in part, shall be sold or let to farm by any person holding or expecting to hold the same. Such person so selling or letting and the person so buying or receiving the letting, or with whose knowledge the same has been bought for him by another, shall be disqualified from holding such office or post, or the deputation thereof, and, upon conviction, shall be expelled therefrom."

The question of the validity of the contract by which appellee agreed to appoint Taul deputy sheriff, in consideration of the latter's support and influence, both before the Republican convention and at the general election, is not now before us. The sole question is: Is such contract a sale of the office or a deputation thereof within the purview of the statute?

It has long been the custom, where persons were candidates for an office attached to which are one or more deputyships, for one or more of the candidates to withdraw and give their support and influence to the strongest candidate, upon the assurance of an appointment to one of the deputyships. Whatever may be the moral quality of the act by which such support and influence are thus obtained, such an agreement is not a sale of the office within the meaning of the statute; it is nothing more than an agreement to appoint one to a deputyship at a

certain salary. In the case before us the deputyship in question had to be filled, and for the services performed by the incumbent compensation had to be provided. In doing this the appellee never surrendered control either of his own office or of the deputyship referred to. We, therefore, conclude that the trial court properly sustained the demurrer to the petition.

Judgment affirmed.