## Campbell, et al. v. Offutt.

(Decided December 13, 1912.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Contracts—Execution of Note in Consideration of Employment as Attorney Upon Appointment to Office—Void As Against Public Policy.—A note given for money advanced to the payor in consideration that he when appointed revenue agent for the State would employ the payees to attend to all the legal business of the office for a sum equal to one-half of the fees of the office, it being stipulated that the note was to be void when the employment was made is without consideration, the arrangement being against public policy and void.

2. Contracts—Two papers executed at the same time evidencing a contract must be read together.

3. Note—Given Afterwards for Money Subsequently Advanced—Void.—A note given afterwards for money subsequently advanced on the same consideration is also void.

HARDIN H. HERR for appellants.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Appellants W. G. Campbell and A. B. Young, who are attorneys practicing law as partners, brought this suit against R. L. Offutt to recover on two notes executed by him to them; one dated January 30, 1907, and due one year after date, the other for $66.66, dated May 27, 1907, and due eight months after date. Offutt pleaded and showed in substance that the notes originated in this way: In 1906 Henry Bosworth was a candidate for

the Democratic nomination for Auditor of the State of Kentucky at a primary election held on November 3 of that year; Offutt entered into an agreement with Bosworth through H. B. Hines by which he was to pay a certain portion of Bosworth's expenses in the primary election in consideration of which Bosworth was to appoint him as revenue agent of the State of Kentucky for the State at large; after this agreement was made with Bosworth, Offutt made an agreement with Dan P. Young, an attorney living in Louisville, by which Young was to pay one-half of the amount he was required to pay Bosworth, and Young was to be employed by him as his attorney and receive a certain per cent of the fees of the office for his services. The amount which he was called on to pay Bosworth was fixed at $400 and Young with another person executed his note to the Western National Bank of Louisville for $200, and paid the money to Offutt, and he paid it with $200 of his own money to Bosworth's agent. After this had been done and while the note for $200 was still in the bank Young died; after his death R. L. Offutt made an arrangement by which in consideration of their paying the note in bank he agreed to employ appellants as his attorneys as revenue agent just as he agreed to employ Dan P. Young. They paid the $200 and he executed the note for $200 to them. Subsequently it was learned that his share of the campaign expenses was $133.33 more than he had paid, and he thereupon paid one-half of this, appellants paying the other half and he executing to them a second note for $66.66 on May 27, 1907. On the same day the note for $200 was executed a written contract was made between the parties setting out their agreement. The note and the contract are as follows:

"January 30, 1907.

"One year after date I promise to pay to the order of Campbell and Young, attorneys, two hundred and no 100 dollars for value.        R. L. OFFUTT."

"Louisville, Ky., January 30, 1907.

"This agreement made and entered into this day and date above written witnesseth for and in consideration of a note made on the above date, signed, executed and delivered by R. L. Offutt to Campbell and Young, attorneys, the said firm of Campbell and Young bind themselves to pay the amount of $200 to the Western Na-

tional Bank in satisfaction of a note held by said bank against Daniel P. Young and W. A. Offutt. It is admitted by the parties to this agreement that the execution of said note was to meet the assessment against said R. L. Offutt in the Democratic primary held November 6, 1906, whereby the said R. L. Offutt is to receive on January 1, 1908, the appointment of revenue agent for the State at large, and contingent upon said appointment agrees and binds himself to employ as his attorney the said firm of Campbell and Young; the said attorneys agree to do the legal work connected with said office and to accept as payment in full for their services an amount equal to one-half of the income of said office.

"In the event of this said appointment with the subsequent employment of Campbell and Young is made, the note held by Campbell and Young against R. L. Offutt and of the above written date shall be null and void.

"CAMPBELL & YOUNG,

"per Campbell.

"R. L. OFFUTT."

On these facts the case was submitted to a jury who found for the defendant, and the plaintiffs appeal.

We deem it necessary to consider only one question in the case and that is whether the contract is one which the law will enforce. It is insisted for appellant that he makes out a *prima facie* case when he produces his notes, and shows that they were given for money paid, and that he is not affected by the illegal contract between R. L. Offutt and Daniel Young if the contract was illegal. But this case does not come within the principle relied on. The note of January 30 and the written contract of the same date must be treated as one transaction, and the two papers must be read together. The written contract discloses the fact that Offutt in consideration of the payment of certain money by Campbell and Young agreed to employ them as his attorneys when appointed State revenue agent; they to do the legal work connected with the office and to accept as payment in full for their services an amount equal to one-half of the income of the office. Such an agreement is contrary to public policy and is void. If Offutt had secured the office and had refused to employ Campbell and Young as his attorneys to attend to the business of the office and they had sued him upon this contract, no court would have enforced it, or given damages

for its breach. The law requires of a public officer that he shall use his best skill and judgment for the protection of the public interest, and an agreement before his appointment to divide the fees of the office with an attorney, if sustained, might seriously cripple the public service; for in this event the public would secure the services of an attorney in some instances who would offer the best terms to the official to secure the employment. It is not material here that Offutt failed to get the office by reason of the fact that Bosworth was not elected Auditor, and it is not material that the attorneys would in fact have discharged their duties faithfully and well. The agreement being one which the law will not tolerate, cannot be enforced. The consideration of the transaction is the illegal agreement, and as the notes rest upon an illegal transaction, they cannot be enforced. No sound distinction can be drawn between the $200 note and the smaller note for $66.66; for although the written contract is silent as to that note, it is manifest from all the facts that it was executed upon the same consideration as the larger note and for the same purpose, the deficiency in the amounts paid to cover the expenses having been discovered after the contract of January 30 was drawn up. If appellants had simply paid the money without taking the notes of Offutt for it, they could not recover it. The fact that they took his notes for it adds nothing to their rights; for the notes are without consideration. (Love v. Buckner, 4 Bibb, 506; Davis v. Hull, 1 Litt., 9; Price v. Caperton, 1 Duv., 208; Field v. Chipley, 79 Ky., 260; Lucas v. Allen, 80 Ky., 681; Schneider v. Local Union, 5 L. R. A. N. S., 891, and note; Livingston v. Page, 93 Am. St. R., 901, and cases cited.)

Appellants rely on Commonwealth v. Sheeran, 145 Ky., 361, but that case involved only the question whether such a contract was a sale of the office or a deputation thereof within the purview of section 3740, Ky. St., and in that case we said that the question of the validity of the contract was not before us.

We therefore conclude that the circuit court should have instructed the jury peremptorily to find for the defendant. This conclusion makes it unnecessary for us to consider other questions made in the case.

Judgment affirmed.